# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1202

WILLIAM P. BAXTER, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  January 6, 2004  )

*Daniel G. Krasnegor*, of Washington, D.C., was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *Joan E. Moriarty*, Acting Assistant General Counsel; *Darryl A. Joe*, Acting Deputy Assistant General Counsel; and *Erica M. Dornburg*, all of Washington, D.C., were on the brief for the appellee.

Before IVERS, STEINBERG, and GREENE, *Judges*.

GREENE, *Judge*:  The veteran, William P. Baxter, appeals, through counsel, a March 26, 2001, decision of the Board of Veterans' Appeals (Board) that denied him an effective date earlier than July 15, 1994, for his Department of Veterans Affairs (VA) service-connected degenerative disc disease of the lumbar spine.  Record (R.) at 3.  Mr. Baxter contends that the Board's statement of reasons or bases for its decision is inadequate because it did not discuss evidence that appeared to show that the notice of an August 1970 VA regional office (RO) decision was not mailed to his last known address, nor did it discuss whether such a defect would render that 1970 RO decision nonfinal.  Appellant's (App.) Brief (Br.) at 8.  He also maintains that the Board decision lacks an adequate statement of reasons or bases because it did not discuss whether he could achieve an earlier effective date based upon clear and unmistakable error (CUE).  App. Br. at 10-11.  The Secretary argues that the Board  reviewed all the evidence of record and provided an adequate statement of reasons or bases to support its decision.  Secretary's (Sec'y) Br. at 6.  This appeal is timely, and the Court has jurisdiction

over the case pursuant to 38 U.S.C. §§ 7252(a) and 7266. For the following reasons, the Board decision will be affirmed in part and dismissed in part.

## I. FACTS

Mr. Baxter served honorably in the U.S. Navy from August 1959 to November 1960. R. at 12. According to his service medical records, he was involved in a plane crash in September 1960. R. at 14-24. In March 1970, he filed a claim for VA service connection for a back injury alleged to have been incurred in service. R. at 30-33. In August 1970, an RO denied that claim; there is no evidence that Mr. Baxter appealed that decision. *See* R. at 47-53.

During the next 24 years, Mr. Baxter made several unsuccessful attempts to reopen his claim. R. at 50-53 (May 1976), R. at 57-58 (March 1977), 68-71 (April 1990); *see* 38 U.S.C. § 5108 (allowing for finally disallowed claim to be reopened when new and material evidence is presented). On July 15, 1994, he submitted a claim for service connection for a back injury. R. at 75-78. After several adverse decisions on that claim and Mr. Baxter's appeal to the Board, the Board, in 1997, determined that the results of a 1996 VA medical examination constituted new and material evidence to reopen his back injury claim; the Board then reopened that claim and remanded it to the RO for further assistance and development. R. at 136, 145-50.

In June 1998, the RO awarded Mr. Baxter service connection for degenerative disc disease of the lumbar spine, at a disability rating of 60%, effective from July 15, 1994. R. at 186-88. On July 15, 1998, the RO also awarded him an individual unemployability rating, effective from July 15, 1994. R. at 197. Mr. Baxter filed a Notice of Disagreement contending that the effective date for his service-connected back injury should be the date of his discharge. R. at 201-02. After receiving a Statement of the Case explaining that the effective date could not be the date of his discharge because he had not filed a claim within one year after that date, Mr. Baxter appealed to the Board asserting that the effective date for the award of his benefits should be March 9, 1970, the date he first filed his claim. R. at 221. He asserted that his "claim for s[ervice-]c[onnected] injuries was the same then as it was all other times I tried to open this claim." *Id.*

In the decision here on appeal, the Board found that the 1970 RO decision that denied his claim had become final because he had not appealed that decision. R. at 8. The Board also found

2

that that claim remained disallowed and final until it was reopened during the adjudication of the claims he presented in 1994. *Id.* Based upon these findings, the Board concluded that, under 38 U.S.C.§ 5110(a), the effective date of an award based on a claim reopened after final adjudication is the date based on the facts found but not earlier than the date of receipt of application for reopening; thus, July 15, 1994, was determined to be the earliest effective date for Mr. Baxter's benefits. R. at 8-9. The Board also determined that the effective date for his benefits could not be the date of discharge because he had not presented to VA a claim for benefits within one year from that date. *Id.*; *see* 38 U.S.C. § 5110(b).

On appeal, Mr. Baxter argues that the Board, in the decision under review, did not address evidence that the RO in 1970 did not mail the notice of the decision denying his claim to his last known address. App. Br. at 8. He maintains that the Board decision lacks an adequate statement of reasons or bases because it failed to address this matter which, if found true, potentially could render the 1970 RO decision pending at the time service connection was awarded. App. Br. at 9-10. In his reply brief, Mr. Baxter further argues that evidence that the RO decision was sent to the wrong address is, by itself, sufficient to rebut the presumption of regularity, and that an allegation of nonreceipt is not required. Reply Br. at 7.

Mr. Baxter also argues that "*it appears* that the Board [in the decision under review] concluded that based upon the evidence of record at the time of the August 1970 decision, the veteran was entitled to service connection for his back condition." App. Br. at 12 (emphasis added). He contends that such a conclusion was a determination by the Board that the August 1970 RO decision was clearly and unmistakably erroneous, and, therefore, he maintains that the Board's statement of reasons or bases is inadequate in that it failed to discuss the possibility of an earlier effective date based upon CUE in that previous RO decision. *Id.*

The Secretary argues that the Board's decision denying Mr. Baxter an earlier effective date was supported by a plausible basis in the record and should be affirmed. Sec'y Br. at 10-11. He further argues that the Board's statement of reasons or bases concerning the finality of the 1970 RO decision was adequate, in that, according to the record, notice of the August 1970 decision was sent to the appellant's last known address. *Id.* at 12. Additionally, the Secretary notes that Mr. Baxter "never alleges that notice was not received." *Id.* at 13. Finally, he argues

that the Court should not address Mr. Baxter's CUE argument because it has been raised here for the first time on appeal. *Id.* at 17.

## II. ANALYSIS

When rendering a decision, the Board is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record. *See* 38 U.S.C. §7104(d)(1). This Court has held "that the [Board must] articulate with reasonable clarity its 'reasons or bases' for decisions, and in order to facilitate judicial review, the Board must identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive." *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). Where the Board fails to meet this obligation, the Court is precluded from effectively reviewing the adjudication. *See Meeks v. Brown*, 5 Vet.App. 284, 288 (1993).

### A. Presumption of Regularity

A claimant for VA benefits "will be notified of any decision authorizing the payment of benefit or disallowance of a claim." 38 C.F.R. § 3.103 (1970). *See also* 38 U.S.C. § 5104(a); 38 C.F.R. §§ 3.103, 19.25 (2003). "The Court has held that there is a presumption of regularity that the Secretary properly discharged his official duties by mailing a copy of a VA decision to the last known address of the appellant . . . on the date that the decision was issued." *Woods v. Gober*, 14 Vet.App. 214, 220 (2000). However, "[t]he presumption of regularity is not absolute; it may be rebutted by the submission of 'clear evidence to the contrary'." *Ashley v. Derwinski*, 2 Vet.App. 307, 309 (1992). "[I]t is well established that the assertion of nonreceipt, standing alone, does not rebut the presumption of regularity in VA's mailing process." *Jones (Raymond H.) v. West*, 12 Vet.App. 98, 102 (1998). Once the presumption of regularity is rebutted, the burden shifts to the Secretary to establish mailing of notice, in accordance with our caselaw. *See Cross v. Brown*, 9 Vet.App. 18, 20 (1996). If the Secretary cannot satisfy this burden, the case remains pending at that level until the defect is cured. *Id.*

Mr. Baxter argues that the Board did not address evidence that *appears* to show that he was not notified at the proper address of the 1970 RO denial of his claim. App. Br. at 8. After the Secretary noted that Mr. Baxter has never actually alleged that he did not receive notice of the 1970

4

RO decision (Sec'y Br. at 13), Mr. Baxter implicitly argues that an allegation of nonreceipt is not required, and that evidence in the record that an RO decision was sent to the wrong address is, by itself, sufficient to rebut the presumption of regularity (Reply Br. at 7). Mr. Baxter's arguments are unpersuasive.

Unless there are deficiencies with the content of the notice itself (which Mr. Baxter does not here allege), if a claimant *actually received* notice of an RO decision, he or she has been *properly notified* of that decision. *See generally Woods*, 14 Vet.App. at 221. Here, if Mr. Baxter actually received deficiency-free notice of the 1970 RO decision, there is and can be no breach of VA's duty to provide notice and the presumption of regularity becomes a moot issue. In his pleadings before this Court, Mr. Baxter has assiduously avoided asserting that he never received notice of the 1970 RO decision denying his claim. Indeed, the record is silent on his having *ever* asserting that the notice was not received or that the notice was returned to VA as undeliverable. We reject any argument by Mr. Baxter that would require the Board to engage in an illogical exercise of explaining away evidence regarding VA's compliance with the duty to provide notice when *no one* has questioned its compliance. Thus, despite his efforts to the contrary, Mr. Baxter cannot extricate the issue of nonreceipt of the RO decision from the presumption-of-regularity question.

Indeed, the Court has said that an assertion of nonreceipt of notice, standing alone, is insufficient to rebut the presumption of regularity that VA mailed that notice. *See Jones (Raymond H.), supra*. Furthermore, in cases such as *Raymond H. Jones*, the Court stated that an assertion that notice was not received must be coupled with *additional* evidence tending to establish nonreceipt of that notice. *Id.* Thus, although a claim that notice of an RO decision was not received is insufficient by itself to rebut the presumption of regularity, it is necessary in order to trigger the inquiry. Therefore, we reject the appellant's attempt to trigger a rebuttal of the presumption of regularity without asserting that he did not receive notice of the RO decision. To decouple the presumption of regularity from the very concept that its rebuttal was meant to establish would amount to so much sophistry. Therefore, the Court holds that the Board need not examine whether the presumption of regularity has been rebutted unless and until an appellant, at a minimum, alleges that he did not receive the document in question.

## B.  CUE

Mr. Baxter's argument that, in its statement of reasons or bases, the Board should have discussed whether there was CUE in the 1970 RO decision is not persuasive.  App. Br. at 12.  A request for revision of a final decision on the basis of CUE "is not a conventional appeal, but rather is a request for revision of a decision by the Secretary."  *Haines v. West*, 154 F.3d 1298, 1300 (Fed. Cir. 1998), *cert. denied*, 526 U.S. 1016 (1999).  A CUE motion may not be made with "broad-brush allegations" but instead CUE must be alleged with specificity and, unless the error would amount to CUE on its face, requires persuasive reasoning as to why the result would have been "manifestly different" but for the alleged error.  *Fugo v. Brown*, 6 Vet.App. 40, 43-44 (1993).  The Court determines de novo whether a valid CUE motion has been presented to the Board for consideration.  *See Phillips v. Brown*, 10 Vet.App. 25, 30 (1997).  Mr. Baxter does not point to any document in the record to demonstrate that he ever alleged CUE in the 1970 RO decision.  Instead, he suggests that, based upon statements in the Board decision regarding the 1970 RO decision, the Board *may* have concluded that the RO committed CUE, and should have discussed that possibility.  App. Br. at 12.  We will not expand our CUE jurisprudence to embrace this unsupportable argument.

Mr. Baxter's attempt to assert a reasons-or-bases error in order to raise a CUE matter is also rejected.  He has failed to establish that the Board had any duty in this case to raise a CUE motion sua sponte.  (We note that there is no consensus among the parties in this case, and the Court makes no determination, that the Board statement underlying Mr. Baxter's arguments on this point does, in fact, concede such error.  *See* Sec'y Br. at 17 ("[R]eview of the statement in context shows that it represents a recitation of Appellant's contentions, and no more."), 18 ("Read in its entirety, the paragraph represents paraphrasing of Appellant's contentions in support of an earlier effective date.")).  Furthermore, even if Mr. Baxter had established that the Board had such a duty, there is manifestly no prejudice to him by the Board's failure to fulfill that duty.  *See* 38 U.S.C. § 7261(b)(2) (Court shall "take due account of the rule of prejudicial error").  Mr. Baxter's counsel has stated before the Court his belief that there is the potential for a CUE motion in this case.  He is not precluded from filing a CUE motion before VA, and, indeed, could have done so contemporaneously with the appeal in this case.  It is beyond argument that this Court is not the appropriate forum to make such a motion in the first

instance. *See Andre v. West*, 14 Vet.App. 7, 11 (2000) (per curiam order) (holding that CUE motion not raised to Board on decision below was "improperly and improvidently raised for the first time before this Court"), *aff'd sub nom. Andre v. Principi*, 301 F.3d 1354 (Fed. Cir. 2002). We reject Mr. Baxter's attempt to bring this issue to the Court through an assertion of a deficiency in the Board's statement of reasons or bases.

Because there is no evidence showing that Mr. Baxter has first raised to VA a specific allegation of CUE in the 1970 RO decision, the Court is without jurisdiction to address this issue. *See Andre*, 14 Vet.App. at 10-11 (holding Court lacked jurisdiction over CUE claim when no Notice of Disagreement or final Board decision addressed specific CUE theory); *Sondel v. Brown*, 6 Vet.App. 218, 220 (1994) (holding CUE allegation made to Court for first time must be dismissed as improper and improvidently raised).

## III. CONCLUSION

Upon consideration of the foregoing analysis, the record on appeal, and the parties' pleadings, the Court affirms the March 26, 2001, Board decision. That part of the appeal concerning Mr. Baxter's allegation, initially raised to this Court, of CUE in the August 1970 RO decision is dismissed.

AFFIRMED IN PART AND DISMISSED IN PART.