# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-2349

ARNOLD C. KYHN, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Remand from the U.S. Court of Appeals for the Federal Circuit

(Decided October 22, 2013)

*John S. Berry, Perry A. Pirsch*, and *Chad J. Wythers*, all of Lincoln, Nebraska, were on the pleadings for the appellant.

*Will A. Gunn*, General Counsel; *David L. Quinn*, Acting Assistant General Counsel; *Richard Mayerick,* Deputy Assistant General Counsel; and *James B. Cowden*, all of Washington, D.C., were on the pleadings for the appellee.

Before MOORMAN and SCHOELEN, *Judges*, and GREENE, *Senior Judge*.

PER CURIAM: Veteran Arnold C. Kyhn appeals, through counsel, a May 17, 2007, decision of the Board of Veterans' Appeals (Board) that denied his claim for VA service connection for tinnitus. Record (R.) at 1-12. On January 18, 2011, the Court affirmed the Board's decision. *Kyhn v. Shinseki*, 24 Vet.App. 228 (2011) (per curiam). Mr. Kyhn, through counsel, appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which vacated this Court's decision and remanded the matter on May 3, 2013. *Kyhn v. Shinseki*, 716 F.3d 572 (Fed. Cir. 2013). In light of the Federal Circuit decision, the Court, by a single-judge decision, vacated the Board's decision and remanded the claim to the Board on July 15, 2013. *Kyhn v. Shinseki*, No. 07-2349, 2013 WL 3718741, at *3 (Vet. App. July 15, 2013). On August 5, 2013, the Secretary filed a timely motion for reconsideration or, in the alternative, a motion for panel decision.

The motion for decision by a panel will be granted. After review of the parties' pleadings and the record, the Court's single-judge July 15, 2013, decision will be withdrawn and this opinion will be issued in its place. For the reasons set forth below, the Court will vacate the May 17, 2007, Board decision and remand the matter for further proceedings consistent with this opinion.

## I. FACTS

Mr. Kyhn served honorably in the U.S. Army from May 1945 to October 1946. In November 1999, a VA regional office (RO) granted service connection for bilateral hearing loss and assigned a 50% disability rating but denied service connection for tinnitus. R. at 115. Mr. Kyhn did not appeal the RO's denial of service connection for tinnitus.

In January 2004, Mr. Kyhn sought to reopen his claim for service connection for tinnitus and presented a letter from his private audiologist stating that Mr. Kyhn's "history of noise exposure while in the military, without the benefit of hearing protection, . . . is quite likely . . . the beginning of [his] hearing loss and tinnitus." R. at 258.

In January 2006, the Board determined that this 2004 statement from the board-certified private audiologist constituted new and material evidence and, therefore, reopened Mr. Kyhn's claim. R. at 552. In the same decision, the Board remanded the claim so Mr. Kyhn could be given a VA audiological examination "to ascertain the etiology and severity of any tinnitus that may be present." R. at 552. On an internal VA record dated March 8, 2006, it is noted that an audiological examination was "cancelled" because the veteran "failed to report." R. at 557. It also stated: "veteran failed to report on 3/7/06, notification was mailed to 2341 2nd Ave, Boelus, NE 68820. POA [(power of attorney)]/Berry was also notified." *Id.*; R. at 574-75 (Feb. 3, 2006, RO notation requesting that VA medical facility schedule an audiological examination). A March 26, 2006, Supplemental Statement of the Case noted that Mr. Kyhn "failed to report to the examination on March 7, 2006," and that "the consequences of that refusal may result in the adjudication of the matter based on the evidence of record under 38 [C.F.R. §] 3.655." R. at 580. The RO determined that "service connection remains denied." R. at 581.

The matter was returned to the Board and, in its May 17, 2007, decision, the Board denied service connection for tinnitus after finding that the record contained no probative evidence that

Mr. Kyhn's tinnitus was incurred in or causally related to service or aggravated by any service-connected disability. The Board determined that VA had complied with its duty to assist, pursuant to 38 U.S.C. § 5103A, because a VA audiological examination was scheduled and "notification of the examination was mailed to the veteran at his correct address of record." R. at 5. The Board noted that, in accordance with § 3.655, "[w]hen, as here, entitlement to a VA benefit cannot be established or confirmed without a current VA examination or reexamination and a claimant without good cause, fails to report for such examination scheduled in conjunction with an original compensation claim, the claim shall be rated on the evidence of record." 38 C.F.R. § 3.655 (2006). In considering the evidence of record, the Board assigned "limited probative value" to the January 2004 private medical evidence regarding Mr. Kyhn's tinnitus because "it was offered without the benefit of a review of the veteran's claims folder." R. at 11. The Board also noted that "the years long absence of evidence of notations of tinnitus constitutes negative evidence . . . ." R. at 10.

Mr. Kyhn, through counsel, appealed to this Court, which issued a January 15, 2010, decision affirming the Board. Thereafter, the appellant filed a motion for reconsideration, and the Court ordered supplemental briefing from the parties. In its January 2011 decision, the Court withdrew its January 2010 decision and issued a new decision again affirming the Board. In its decision, the Court addressed the appellant's contention, raised for the first time on appeal to this Court, that he never received notice of the scheduling of the March 2006 VA audiological examination. Aug. 25, 2008, Appellant's Brief at 5-8. In so doing, the Court relied on two affidavits from VA employees submitted to the Court by the Secretary as part of his supplemental briefing that contained "information concerning the regular process by which VA notifies veterans of scheduled VA examinations." *Kyhn*, 24 Vet.App. at 233. In holding that VA had a regular practice to provide veterans with notice of their VA examinations, this Court relied on the affidavits. The Court then applied the presumption of regularity to presume VA had properly mailed Mr. Kyhn notice of his scheduled March 2006 audiological examination. *Id*. at 234. The Court went on to conclude that the appellant's "claimed irregularities" did not constitute clear evidence to rebut the presumption of regularity. *Id*. at 238.

Mr. Kyhn then appealed to the Federal Circuit, which held that this Court acted beyond its jurisdiction when it relied on the affidavits that were not in the record before the Board (i.e., "extra-

record evidence") and engaged in first-instance fact finding when this Court determined that VA had an established procedure for notifying claimants of VA examinations. *Kyhn*, 716 F.3d at 577-78. The Federal Circuit held that the affidavits in this case were "'evidentiary in nature' and may not be considered in the first instance by the Veterans Court." *Id*. at 576. The Federal Circuit explained that "[t]his case differs from other instances where the presumption of regularity was premised upon independent legal authority rather than on evidentiary findings." *Id.* at 577. Because it found that this Court had "exceeded its jurisdiction," the Federal Circuit vacated this Court's decision and remanded the matter. *Id*. at 578.

## II. ANALYSIS

In the May 2007 decision, the Board found that "notification of the examination was mailed to the veteran at his correct address of record and there is no indication that notice of this examination was returned by postal authorities as undeliverable." R. at 5. Thus, the Board specifically made a factual finding about proper notification of the scheduled examination. Having made such a finding, the Board was obligated to provide an adequate statement of the reasons or bases for the finding. In rendering a decision, the Board is required to consider all evidence of record and to consider, and discuss in its decision, all "potentially applicable" provisions of law and regulation. *Schafrath v. Derwinski,* 1 Vet.App. 589, 592-93 (1991); *see* 38 U.S.C. § 7104(a). The Board must provide a statement of the reasons or bases for its determinations, adequate to enable an appellant to understand the precise basis for the Board's decision as well as to facilitate review in this Court. 38 U.S.C. § 7104(d)(1); *see Allday v. Brown,* 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski,* 1 Vet.App. 49, 56-57 (1990).

Here, the Board did not discuss the documents it relied on in making the finding that the appellant was provided notification of the examination at his correct address and did not discuss whether this finding was based on a presumption of regularity. Because the Board did not provide an explanation for its finding, the Board's decision does not enable the appellant to understand the basis of the Board's finding and frustrates judicial review. Accordingly, the Court will vacate the Board decision and require the Board to support its finding that VA's notification duties were fulfilled (i.e., notice of examination sent to correct address of record). If, on remand, the Board bases

4

its finding on the presumption of regularity, the Board should explain in detail the regular and established procedure that VA follows to schedule medical examinations and provide notice of the scheduled examination to claimants.

The Court is not persuaded by the Secretary's argument in his motion for a panel decision that the Board was not required to provide an adequate statement of reasons or bases for its notification finding because the appellant did not assert nonreceipt of the notice of examination before the Board. *See* Aug. 5, 2013, Secretary's Motion for Panel Decision at 1-7. Specifically, he contends that "[w]ithout even a bare assertion of non-receipt of notice of examination in the evidence before the Board, there was no reason for the Board to have addressed the issue of the presumption of regularity nor is there a factual basis for the Court to remand the issue for consideration in the first instance." *Id*. at 5. In support of his position, the Secretary relies on *Baxter v. Principi*, 17 Vet.App. 407, 411 (2004), which he asserts the Court overlooked in making its decision.

Although the appellant raised for the first time on appeal here the issue whether he was properly notified of the VA examination, the Court may entertain the newly raised argument. This Court has discretion to consider issues that are raised for the first time on appeal. *Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000). The Court exercises its discretion and will not invoke the exhaustion doctrine. *See id*. The Court may "use[] its authority to 'remand the matter, as appropriate,' to the Board." *Id*. at 1378. The Board decision on appeal specifically made a factual finding about proper notification of the scheduled examination, and the Board made such finding even though the appellant did not raise that argument before the Board. A remand of the matter will allow the Board to support its finding that VA's notification duties were fulfilled (i.e., notice of examination was sent to the correct address of record) either by (1) by determining that VA properly addressed and mailed the notice; or (2) by determining that VA is entitled to a presumption of regularity in its mailing of notices of scheduled VA examinations. *See McCormick v. Gober,* 14 Vet.App. 39, 45 (2000) (holding that remand is appropriate where it would "likely benefit the Court by producing 'a better record . . . for appellate review of the [Board's] decision'" (quoting *Maggitt,* 202 F.3d at 1377)). Accordingly, the Court will vacate the Board decision and remand the case for the Board to make the necessary factual findings related to whether Mr. Kyhn was properly notified of the scheduled examination.

5

Although the Secretary correctly states that *Baxter* "holds that the Board need not examine whether the presumption of regularity has been rebutted unless and until an appellant, at a minimum, alleges that he did not receive the document in question," the Court here does not specifically direct the Board *to apply* the presumption of regularity analysis or to consider *only* such presumption issue.

Unlike *Baxter*, where the appellant, in his briefing on appeal to this Court "assiduously avoided asserting that he never received notice of the 1970 RO decision denying his claim," *Baxter*, 17 Vet.App. at 410, Mr. Kyhn asserted on appeal that he never received notice of the scheduled VA examination. Although the Secretary, in his principal brief, urged this Court not to address the appellant's argument that he did not receive notice of the scheduled examination, the Secretary also argued:

> To the extent that the Court chooses to address Appellant's argument, the Secretary asserts that the Court should apply the presumption of regularity to find that Appellant did receive notice of the March 2006 VA examination. Further, Appellant has failed to carry his burden of rebutting the presumption of regularity and as such can not show that he had good cause for missing the examination.

Dec. 9, 2008, Secretary's Brief at 5-6. The Secretary's late attempt to argue waiver following the Federal Circuit's remand is without merit.

The Court also rejects the Secretary's contention that the Court cannot determine that the Board's reasons for its notification findings are inadequate without acting outside its jurisdiction by (1) considering "evidentiary," "extra record" assertions in the appellant's brief that he did not receive notification of the examination and (2) making a factual finding that the appellant did not receive such notification. The premise underlying the Secretary's argument is flawed. The Secretary fails to recognize the distinction between evidence and argument. Evidence is defined as records, documents, testimony, etc., that are offered in proof of an alleged fact. BLACK'S LAW DICTIONARY 555 (6th ed. 1990). An argument, on the other hand, is defined as "an effort to establish a belief by a course of reasoning." BLACK'S at 107. The appellant's assertion to the Court that he did not receive proper notification of the scheduled examination is not made for the purpose of having this Court make a factual finding that he did not receive notice of the examination. Rather, he is making this assertion as part of a legal argument regarding whether the Secretary provided proper notification of the examination.

6

Likewise, the Court neither weighs the probative value of the appellant's assertions nor makes factual findings regarding those assertions. As discussed above, this Court has jurisdiction to hear arguments "presented to it in the first instance, provided it otherwise has jurisdiction over the veteran's claim." *Maggitt,* 202 F.3d at 1377. It is within the Court's discretion to consider such argument in the first instance, remand to the Board for its consideration of the issue, or simply decline to consider the argument. *Id.* Here, the Court has determined that a remand to the Board is warranted because the Board's reasons for its findings are inadequate. Additionally, the Court has recognized that the notification issue may require the Board to engage in additional fact finding to render a decision on this issue, particularly if the Board relies on the presumption of regularity to support a finding that notification of the examination was made to the appellant.

On remand, the Board must apply current law, including this Court's decision in *Nieves-Rodriguez v. Shinseki*, 22 Vet.App. 295, 303 (2008) ("the absence of claims file review by a private medical expert does not categorically exclude the possibility that he is nevertheless informed of the relevant facts"), and *Horn v. Shinseki*, 25 Vet.App. 231, 239 (2012) ("when assessing a claim, the Board may not consider the absence of evidence as substantive negative evidence"), as appropriate.

On remand, the appellant is free to submit additional evidence and argument, including the arguments raised in his briefs to this Court, in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order), and the Board must consider any such evidence or argument submitted. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). The Board shall proceed expeditiously, in accordance with 38 U.S.C. §§ 5109B, 7112 (requiring the Secretary to provide for "expeditious treatment" of claims remanded by the Board or the Court).

### III. CONCLUSION

Upon consideration of the foregoing analysis, the record on appeal, and the parties' pleadings, the Secretary's motion for a panel decision is granted, the Court's July 15, 2013, single-judge memorandum decision is WITHDRAWN, and this opinion is issued in its stead. The May 17, 2007, Board decision is VACATED, and the claim for entitlement to service connection for tinnitus is REMANDED for further adjudication consistent with this opinion.

7