Citation Nr: 1722233 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 07-14 924 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Whether the character of the Veteran's discharge from service constitutes a bar to Department of Veterans Affairs (VA) benefits based on the period from March 1988 to October 1988, exclusive of health care under 38 U.S.C. Chapter 17.

2. Entitlement to service connection for a lumbar spine disorder, to include as secondary to a claimed left foot disorder.


REPRESENTATION

Appellant represented by: John W. Tilford, Agent


WITNESS AT HEARINGS ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. D. Deane, Counsel


INTRODUCTION

The Veteran served on active duty from January 1972 to January 1975, from December 1976 to December 1980, and from March 1988 to October 1988. He was discharged in October 1988 under other than honorable conditions. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a December 2005 administrative decision and an August 2014 rating decision rendered by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana. 

The Veteran testified at a Decision Review Officer hearing in February 2007 as well as at a hearing before a Veterans Law Judge (VLJ) in August 2008. Transcripts of those hearings are included in the record.

In March 2009, the Board denied the Veteran's claim, finding that the character of his discharge from service constituted a bar to VA benefits based on the period of service from March to October 1988. The Veteran then appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims (Court). In a November 2010 Memorandum Decision, the Court vacated the Board's March 2009 decision, and remanded the matter to the Board for proceedings consistent with the Court's opinion. 

In April 2011, the Board again denied the Veteran's character of discharge claim. The Veteran appealed the Board's decision to the Court. In a May 2012 Memorandum Decision, the Court vacated the Board's April 2011 decision, and remanded the matter to the Board for proceedings consistent with the Court's opinion. The Board then remanded that claim for additional development in August 2012.

In April 2014, testified at a hearing before the undersigned VLJ at the RO. A transcript of that hearing is included in the record. The Board again remanded the Veteran's character of discharge claim for additional development in June 2014.

In August 2015, the Board denied the Veteran's claim, finding that the character of his discharge from service constituted a bar to VA benefits based on the period of service from March to October 1988, based on his acceptance of an undesirable discharge to escape trial by general court-martial. The Veteran appealed the Board's decision to the Court. In a January 2017 Memorandum Decision, the Court reversed the Board's August 2015 decision, and remanded the matter for further adjudication consistent with the Court's decision.

The issue of entitlement to service connection for a left foot disorder has been raised by the record in the Veteran's February 2005 claim, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016). 

The issue of entitlement to service connection for a lumbar spine disorder, to include as secondary to the claimed left foot disorder, is addressed in the REMAND portion of the decision below and is REMANDED to the AOJ.


FINDING OF FACT

The Board is bound by the Court's finding that the appellant has met his burden of establishing his status as a veteran for the service period from March 1988 to October 1988 by an "approximate balance of positive and negative evidence". 



CONCLUSION OF LAW

Resolving all doubt in the Veteran's favor, the character of his discharge from service is not a bar to eligibility for VA compensation benefits based on the period of service from March 1988 to October 1988. 38 U.S.C.A. §§ 101, 5303 (West 2014); 38 C.F.R. §§ 3.12, 3.13 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions under the VCAA. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016). As the Board is taking action favorable to the Veteran by granting eligibility for VA compensation benefits based on the period of service from March 1988 to October 1988, the decision poses no risk of prejudice to him. See, e.g., Bernard v. Brown, 4 Vet. App. 384 (1993); see also Pelegrini v. Principi, 17 Vet. App. 412 (2004); VAOPGCPREC 16-92, 57 Fed. Reg. 49,747 (1992).

After two prior periods of honorable active service, the Veteran reenlisted in March 1988 and was administratively discharged in October 1988 under other than honorable conditions. During his service from March 1988 to October 1988, he was absent without leave (AWOL) from June 9, 1988, to July 20, 1988, a period of 42 days. He accepted a discharge under other than honorable conditions in lieu of trial by court-martial. In the August 2015 decision, the Board found that the Veteran's discharge or release from his March 1988 to October 1988 period of service was based on his acceptance of an undesirable discharge to escape trial by general court-martial. It also determined that evidence of record did not support a finding that the Veteran was insane at the time of his AWOL.

In a January 2017 Memorandum Decision, the Court indicated that although the record supported the Board's determination that the Veteran was facing the possibility of a general court-martial, the very same evidence demonstrated that the Veteran was also facing the possibility of a special court-martial. See 10 U.S.C. §§ 818, 819 (a general court-martial has the authority to impose a bad conduct or a dishonorable discharge, while a special court-martial has the authority to impose a bad conduct discharge but not a dishonorable discharge). The Court found that nothing in the Board's August 2015 decision or in the record on appeal demonstrated or suggested that it was more likely that the Veteran would have faced a general court-martial. See Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001) (The burden of proving something by a preponderance of the evidence requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence.). 

The Court further held that the only plausible view of the evidence of record was that the evidence was in equipoise as to the issue of whether the Veteran accepted his discharge to escape trial by general court-martial or by special or summary court-martial. Accordingly, the Court found that the Board's determination that the Veteran accepted a discharge to escape trial by general court-martial must be reversed. See 38 U.S.C. § 7261(a)(4) (The Court must "reverse or set aside" clearly erroneous finding of material fact.); see also Ortiz, 274 F.3d at 1365 (The benefit of the doubt rule may be viewed as shifting the risk of nonpersuasion onto VA to prove that the veteran is not entitled to benefits.). As it determined the appellant met his burden of establishing his status as a veteran for the service period from March 1988 to October 1988 by an "approximate balance of positive and negative evidence," the Court remanded this matter for VA to adjudicate the merits of his claim of entitlement to service connection for a left foot injury.

Based on the foregoing discussion, the Board is bound by the Court's finding that the appellant has met his burden of establishing his status as a veteran for the service period from March 1988 to October 1988 by an "approximate balance of positive and negative evidence". Thus, the Board must find that the evidence is at least in equipoise and, therefore, applying the benefit-of-the-doubt doctrine, the character of the Veteran's discharge from his March 1988 to October 1988 service period does not constitute a bar to VA benefits. Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).


ORDER

The character of the Veteran's discharge from his March 1988 to October 1988 service period does not constitute a bar to VA benefits.


REMAND

The Board's review of the record reveals that further development on the matter of entitlement to service connection for a lumbar spine disorder, to include as secondary to the claimed left foot disorder, is warranted.

As an initial matter, the issue of entitlement to service connection for a left foot disorder, referred to the AOJ for adjudication in the Introduction section above, is inextricably intertwined with the claim for entitlement to service connection for a lumbar spine disorder currently on appeal. Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding that two issues are inextricably intertwined when they are so closely tied together that a final Board decision cannot be rendered unless both are adjudicated). The Board is cognizant that the Veteran filed his claim for entitlement to service connection for a left foot disorder in February 2005. Instead of adjudicating that matter at that time, the appeal was treated solely as a character of discharge claim by the AOJ and the Board after the December 2005 administrative decision was issued. Thus, the Board will defer further consideration of the Veteran's lumbar spine claim until the matter of entitlement to service connection for a left foot disorder is fully developed and adjudicated by the AOJ.

Evidence of record, specifically the Veteran's April 2014 Board hearing testimony, reflected that he had been awarded disability benefits from the Social Security Administration (SSA) based on his claimed lumbar spine disorder. Any records associated with a claim or award for SSA disability benefits, particularly medical records, could shed additional light on the service connection claim currently before the Board. As such, any available records should be obtained for consideration in connection with the instant appeal. See Golz v. Shinseki, 590 F.3d 1317, 1323 (Fed. Cir. 2010). 

In addition, evidence of record reflects that the Veteran received private medical treatment for his claimed disorders from M. A. P., DPM and from C. M., D. C. at Bloomington Neurospinal Chiropractic Clinic. The Board notes that the record contains a February 2017 statement from C. M., D. C. but no treatment records. Thus, any additional identified private treatment records should be obtained and associated with the record. 38 C.F.R. § 3.159(c) (2016).

Finally, based on the cumulative evidence of record, the Board will not proceed with final adjudication of the service connection claim until a competent VA medical examination and opinion are provided, in order to clarify the nature and etiology of the Veteran's claimed lumbar spine disorder on appeal. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Accordingly, the case is REMANDED for the following actions:

1. Contact the Veteran and afford him the opportunity to identify or submit any additional pertinent evidence in support of his claim, to include private treatment records from M. A. P., DPM and C. M., D. C. at Bloomington Neurospinal Chiropractic Clinic. With any needed assistance from the Veteran, obtain any identified private treatment records reflecting treatment for his claimed left foot and lumbar spine disorders.

2. Obtain from SSA records pertinent to any claim made by the Veteran for disability benefits, including the medical records relied upon concerning that claim.

3. Thereafter, the Veteran must be afforded the appropriate VA examination(s) in order to clarify the nature and etiology of his claimed left foot and lumbar spine disorders. Prior to conducting the examination(s), the paper claims file as wells as the electronic claims file must be made available to an appropriate examiner, preferably a podiatrist, for review of the case. A notation to the effect that this record review took place should be included in the report of the examiner. All pertinent symptomatology and findings must be reported in detail. Any indicated diagnostic tests and studies must be accomplished.

Based on a review of the evidence of record, a detailed examination of the Veteran, and with consideration of his lay statements, the examiner must provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that any previously or currently diagnosed left foot disorder onset during or was causally related to active military service, to include documented in-service left foot treatment in 1988. The examiner should also provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that any currently or previously diagnosed lumbar spine disorder was caused or aggravated (permanently worsened) by the Veteran's left foot disorder. In doing so, the examiner must address and reconcile the findings contained in the service treatment records, private treatment records dated from 2000 to 2002 from M. A. P., DPM, and the February 2017 private medical opinion from C. M., D. C.

Rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s). The Veteran is hereby advised that failure to report for any scheduled VA examination without good cause shown may have adverse effects on his claim. 38 C.F.R. § 3.655 (2016).

4. After the development requested has been completed, the AOJ must review any examination report to ensure that it is in complete compliance with the directives of this Remand. If any examination is deficient in any manner, the AOJ must implement corrective procedures at once.

5. Complete any additional required development for the claim of entitlement to service connection for a left foot disorder and then adjudicate that matter. 

6. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken above, the claim on appeal for entitlement to service connection for a lumbar spine disorder, to include as secondary to the claimed left foot disorder, must be readjudicated, taking into consideration all relevant evidence associated with the evidence of record since the August 2015 statement of the case. If the benefit on appeal remains denied, a supplemental statement of the case must be provided to the Veteran and his agent. After the Veteran has had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs