Citation Nr: 1749169 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 12-33 877A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), adjustment disorder, and depression. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Bilstein, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1961 to August 1963. 

This matter is on appeal from a September 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

In March 2017, the Board remanded the current issue for further evidentiary development. The Board finds that there has been substantial compliance with the prior remand instructions and no further action is necessary. See D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict, compliance with the terms of a Board remand is required pursuant to Stegall v. West, 11 Vet. App. 268 (1998)).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.S. § 7107(a)(2) (Lexis Nexis 2017).


FINDINGS OF FACT

The Veteran's acquired psychiatric disorder is not related to service.


CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder have not been met. 38 U.S.C.S. §§ 1131, 5107 (LexisNexis 2017); 38 C.F.R. §§ 3.303, 3.304, 3.655 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran is seeking service connection for an acquired psychiatric condition which he attributes to his service in Laos, particularly due to the conditions of unclean water, disease, and mosquitoes and flies. 

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C.S. § 1131. Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

To establish service connection for a disability resulting from a disease or injury incurred in service, or to establish service connection based on aggravation in service of a disease or injury which pre-existed service, there must be (1) competent evidence of the current existence of the disability for which service connection is being claimed; (2) competent evidence of incurrence or aggravation of a disease or injury in active service; and (3) competent evidence of a nexus or connection between the current disability and the disease or injury incurred or aggravated in service. Horn v. Shinseki, 25 Vet. App. 231, 236 (2010); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); cf. Gutierrez v. Principi, 19 Vet. App. 1, 5 (2004) (citing Hickson v. West, 12 Vet. App. 247, 253 (1999)).

As an initial matter, the Board notes that the Veteran has been diagnosed during the course of the appeal with various psychiatric conditions. Accordingly, the first criterion for establishing service connection has been met. The outcome of the case, therefore, turns on whether the psychiatric disorder is related to service. 

The Veteran's service treatment records are absent complaints of or treatment for a psychiatric condition. Post-service VA treatment records show that the first record of treatment for a psychiatric disorder is a positive screening for depression in April 2012, as well as diagnoses of adjustment disorder with depressed mood, depressive disorder not otherwise specified, substance use disorder, alcohol dependence, and dysthymia thereafter.

In accordance with the Board's March 2017 remand instructions, the Veteran was scheduled for VA examination in June 2017 to determine whether he had a current acquired psychiatric disorder that was related to his military service. He did not report for the examination.

The file contains an internal VA report for the scheduled VA examination which lists the Veteran's current address. There is no evidence of returned mail. While review of the electronic file does not reveal a copy of a letter notifying the Veteran of this scheduled examination, neither the Veteran nor his representative has asserted that the failure to appear was due to a lack of advance notice of the scheduled examination. The Veteran's representative has not raised such a contention, despite acknowledging in an October 2017 brief that the Veteran failed to appear at the June 2017 VA examination. In that brief, the Veteran's representative did not indicate that the Veteran failed to receive notice of the examination, provide any explanation for the Veteran's failure to appear, or even request that the Veteran be scheduled for another examination. Accordingly, absent any other evidence to the contrary, the Board finds that the Veteran received sufficient notification in advance of the VA examination scheduled on June 5, 2017. In this regard, the Board is relying upon the presumption of administrative regularity in finding that the Veteran was properly notified of the scheduled VA examination. 

The Board acknowledges the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decision in Kyhn v. Shinseki, which struck down the lower Court's reliance on the presumption of regularity in a case in which notification of an upcoming VA examination was not explicitly of record. See Kyhn v. Shinseki, 716 F.3d 572 (Fed. Cir. 2013) (reversing Kyhn v. Shinseki, 23 Vet. App. 335 (2010)). Notably, the appellant in Kyhn expressly argued that he had been unable to attend the scheduled VA examination because proper advance notice had not been provided. The Federal Circuit then ruled that, in such an instance, VA could not rely on evidence outside the record that was before the agency-specifically, the post-hoc affidavits of AOJ employees-in establishing that the agency "had a regular practice of providing [advance] notice of VA examinations." Kyhn, 716 F.3d at 577.

In this case, in contrast with the facts in Kyhn, neither the Veteran nor the representative has argued that there was improper notice in advance of the scheduled VA examination. It thus follows that this case more closely resembles the facts in Baxter v. Principi, 17 Vet. App. 407 (2004), wherein an appellant "assiduously avoided" raising the question of whether VA had properly discharged its official notification duties. Baxter, 17 Vet. App. at 410. Consequently, the Court in Baxter held "that the Board need not examine whether the presumption of regularity has been rebutted unless and until an appellant, at a minimum, alleges that he did not receive the document in question." Id. at 411. Significantly, the holding in Baxter was cited approvingly by the Court when it revisited the Kyhn case at the direction of the Federal Circuit. See Kyhn v. Shinseki, 26 Vet. App. 371, 374 (2013) (noting that the "Secretary correctly states that Baxter 'holds that the Board need not examine whether the presumption of regularity has been rebutted unless and until an appellant, at a minimum, alleges that he did not receive the document in question'"). Thus, applying the holding of Baxter to the facts presented in the instant case, the Board finds no need to consider whether the presumption of regularity has been rebutted, namely, because neither the Veteran nor the representative has argued that there was a lack of notice, or insufficient notice, of the June 2017 VA examination.

When a claimant fails to report for a scheduled medical examination, without good cause, an original compensation claim shall be rated based upon the evidence of record. 38 C.F.R. § 3.655 (2017). Therefore, this original service connection claim for an acquired psychiatric disorder must be decided based upon the evidence of record.

After review of the record, the Board finds that service connection for an acquired psychiatric disability is not warranted.

Turning first to the Veteran's statements, the Board acknowledges that laypersons are competent to report on matters observed or within their personal knowledge. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). However, while the Veteran may be competent to report the manifestation of symptoms of depression, he has not shown that he has specialized training sufficient to render such an opinion on the cause of his current psychiatric disorder. In this regard, the diagnosis and etiology of psychiatric disorders are matters not capable of lay observation, and require medical expertise to determine. Accordingly, the Veteran's opinion as to the diagnosis or etiology of his psychiatric disorder is not competent medical evidence. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis); Bostain v. West, 11 Vet. App. 124, 127 (1998); Routen v. Brown, 10 Vet. App. 183, 186 (1997) ("a layperson is generally not capable of opining on matters requiring medical knowledge"). Hence, his lay assertions in this regard have no probative value.

Due to the Veteran's lack of cooperation in appearing for a scheduled VA examination, the Board was unable to obtain medical evidence that is relevant to the claim. There otherwise is no competent and persuasive evidence showing that the Veteran's psychiatric disorder is related to service or to any event of service.

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.S. § 5107 (b) (LexisNexis 2017); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990).

The Board is grateful to the Veteran for his honorable service, and regrets that a more favorable outcome could not be reached. 


ORDER

Service connection for an acquired psychiatric disorder, to include PTSD, adjustment disorder, and depression, is denied.



____________________________________________
S.C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs