Citation Nr: 1710351 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 16-00 001A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Medical Center in Tampa, Florida


THE ISSUES

1. Entitlement to payment or reimbursement of medical expenses incurred at Morton Plant North Bay Hospital (MPNBH) in Port Richey, Florida from December 3, 2014 to December 5, 2014, other than from Mukesh Patel, M.D. in the amount of $250 and Pinellas E.K.G. Interpreters in the amount of $20. 

2. Entitlement to payment or reimbursement for medical expenses in the amount of $250 for services provided by Mukesh Patel, M.D. at Morton Plant North Bay Hospital (MPNBH) in Port Richey, Florida on December 5, 2014. 

3. Entitlement to payment or reimbursement for unauthorized private emergency transportation services provided by Pasco Fire and Rescue on December 2, 2014. 



ATTORNEY FOR THE BOARD

Dan Brook, Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from June 1956 to June 1960. 

This matter comes before the Board of Veterans' Appeals (Board) from decisions of the Tampa Florida VA Medical Center (VAMC) of the Department of Veterans' Affairs (VA).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issue of entitlement to payment or reimbursement for unauthorized private emergency transportation services provided by Pasco Fire and Rescue on December 2, 2014 is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The medical emergency for which the Veteran was treated at MPNBH is reasonably shown to have continued until the Veteran was discharged from the facility on December 5, 2014. 

2. The claim for reimbursement for services rendered by Mukesh Patel, M.D at MPNBH on December 5, 2014 was received on April 20, 2015, more than 90 days after the Veteran was discharged from MPNBH. 


CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, the criteria for payment of reimbursement of unauthorized medical expenses incurred in connection with treatment provided at MPNBH from December 3, 2014 to December 5, 2014 have been met. 38 U.S.C.A. §§ 1725, 5107 (West 2014); 38 C.F.R. §§ 3.102, 17.1000-17.1005 (2016).
 
2. The claim for payment or reimbursement for medical expenses in the amount of $250 provided by Mukesh Patel, M.D. at Morton Plant North Bay Hospital (MPNBH) in Port Richey, Florida on December 5, 2014 was not timely filed. 38 U.S.C.A. § 1725 (West 2014), 38 C.F.R. § 17.1004(d) (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

II. Analysis

A. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), includes enhanced duties to notify and assist claimants for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a).

Given the favorable disposition of the claim for payment or reimbursement of medical expenses incurred at Morton Plant North Bay Hospital (MPNBH) in Port Richey, Florida from December 3, 2014 to December 5, 2014, the Board finds that all notification and development action needed to fairly adjudicate this claim has been accomplished. Regarding the claim for payment or reimbursement for the services provided by Dr. Patel, the VCAA is not applicable to this claim as it turns on a matter of law and not on the underlying facts or development of the facts. See Manning v. Principi, 16 Vet. App. 534, 542 (2002). The Board therefore finds that any deficiency in VA's VCAA notice or development action is harmless error.

B. Timely claimed medical expenses incurred at (MPNBH) in Port Richey, Florida from December 4, 2014 to December 5, 2014.

The Veteran initially applied for payment or reimbursement of medical expenses he incurred while receiving treatment at MPNBH in Fort Richey, Florida for a potential heart attack. As there is no indication that this condition constitutes a service-connected disability, this claim is governed by 38 U.S.C.A. § 1725 and the accompanying regulations found at 38 C.F.R. § 17.1000-1008, which pertain to emergency treatment received at a non-VA facility for non-service connected disabilities. 

 Generally, in order to be eligible for payment or reimbursement for emergency services under such circumstances, a Veteran must show that his treatment satisfies all of the following conditions: 

(a) The emergency services were provided in a hospital emergency department or a similar facility held out as providing emergency care to the public; 

(b) The claim for payment or reimbursement for the initial evaluation and treatment is for a condition of such a nature that a prudent layperson would have reasonably expected that delay in seeking immediate medical attention would have been hazardous to life or health; 

(c) A VA or other Federal facility/provider was not feasibly available and an attempt to use them beforehand would not have been considered reasonable by a prudent layperson; 

(d) At the time the emergency treatment was furnished, the Veteran was enrolled in the VA health care system and had received medical services under authority of 38 U.S.C. Chapter17 within the 24-month period preceding the furnishing of such emergency treatment; 

(e) The Veteran is financially liable to the provider of emergency treatment for that treatment; 

(f) The Veteran has no coverage under a health-plan contract for payment or reimbursement, in whole or in part, for the emergency treatment; 

(g) If the condition for which the emergency treatment was furnished was caused by an accident or work-related injury, the claimant has exhausted without success all claims and remedies reasonably available to the Veteran or provider against a third party for payment of such treatment; and 

 (h) The Veteran is not eligible for reimbursement under 38 U.S.C.A. § 1728 for the emergency treatment provided. 38 U.S.C.A. § 1725; 38 C.F.R. § 17.1002.

In its initial decisions, the VAMC allowed payment or reimbursement of the expenses the Veteran incurred at MPNBH from December 2, 2004 through December 3, 2004 but denied payment or reimbursement for the care received from December 4, 2004 to December 5, 2004, finding that the Veteran's medical condition had stabilized on December 3, 2014 and thus, emergency treatment had ended on that date. See 38 C.F.R. § 17.1005(b), discussed below. By granting the payment or reimbursement for the first two days of hospitalization, the VAMC acknowledged that the other criteria pertaining to such payment or reimbursement had been met. 38 C.F.R. § 17.1002(a)-(h). Similarly, the Board does not find any indication from the record that the Veteran did not meet any of these criteria. Id. Accordingly, the remaining question is simply when the evidence shows that the Veteran's emergency situation ended. 

Notably, VA will generally not approve claims for payment or reimbursement of the costs of emergency treatment not previously authorized for any period beyond the date on which the medical emergency ended. For this purpose, VA considers that an emergency ends when the designated VA clinician at the VA facility has determined that, based on sound medical judgment, a veteran who received emergency treatment: (1) Could have been transferred from the non-VA facility to a VA medical center (or other Federal facility that VA has an agreement with to furnish health care services for veterans) for continuation of treatment, or (2) Could have reported to a VA medical center (or other Federal facility that VA has an agreement with to furnish health care services for veterans) for continuation of treatment. 38 C.F.R. § 17.1005 (b).

In this case, MPNBH records show that the Veteran was 76 years old when treated with a past medical history of borderline diabetes, hypertension and coronary artery disease. He came to the emergency room because of constant chest pain radiating into his neck and behind his jaw and left ear. He also had associated shortness of breath, nausea and was sometimes diaphoretic. He thought that he was having a heart attack. He was found to have angina and probable pneumonia and was administered nitroglycerin and nitroglycerin paste. Also, a chest X-ray showed atelectasis. He was admitted to the hospital for cardiology follow-up and was put on IV antibiotics to cover for pneumonia. A stress test was performed, which was mildly abnormal, resulting in MPNBH personnel proceeding with a cardiac catheterization. Meanwhile, the Veteran was insisting on being able to go home so he was discharged after clearance from the cardiology and pulmonary departments and was noted to be stable for discharge at that time. The discharge diagnoses were atyptical chest pain and community acquired pneumonia and upon discharge the Veteran was prescribed a 7 day course of an antibiotic. 

In July 2015, the VAMC conducted an initial clinical review of the case, which appears to have been performed by a registered nurse (R.N.), H.V. This review concluded that the Veteran's point of stability occurred on December 3, 2014. A second clinical review was performed in July 2016 and again it appears the review was conducted by an R.N, A.D. A.D. noted that the Veteran was initially offered a catheterization but asked to receive a stress test first. Then, after the stress test, which was mildly abnormal, the hospital proceeded with the cardiac catheterization. A.D. then concluded that based on the review of the notes, the Veteran's point of stability appeared to be December 3, 2014 (as a myocardial infarction had been ruled out). 

It appears that A.D. and H.V. are designated VA clinicians. However, the only reason given by A.D. that the Veteran was stable as of December 3, 2014 was that it had been ruled out that he had already suffered a myocardial infarction (H.V. did not give any reason for the stabilization finding). However, given that the MPNBH physicians proceeded with the catheterization after December 3, 2014, the record reasonably indicates that they felt the Veteran might still be at serious risk and required further testing to be sure that he was not. Additionally, the record shows that the Veteran affirmatively requested to leave the hospital and was only allowed to do so when MPNBH treating cardiac and pulmonary physicians felt that he was stable for discharge on December 5, 2014. Thus, given the specific findings and additional medical treatment performed by the MPNBH physicians subsequent to December 3, 2014; and given that the opinions provided by the VA clinicians did not explain why the Veteran did not remain at serious risk as of December 3, 2014 in light of the further actions taken by the MPNBH physicians, the weight of the evidence is against a finding that the VA clinicians' opinions were based on sound medical judgment. Consequently, based on the absence of any such VA clinician opinion and on the actions of the MPNBH physicians, the evidence is at least in equipoise as to whether the Veteran's medical emergency continued up until his discharge from MPNBH on December 5, 2014. Accordingly, resolving all reasonable doubt in the Veteran's favor, his medical emergency did not end until his discharge from MPNBH on December 5, 2014. 

C. Payment or reimbursement for medical expenses in the amount of $250 for services provided by Mukesh Patel, M.D. MPNBH on December 5, 2014.

The evidence indicates that the Veteran was provided with medical services from a Dr. Mukesh Patel at MPNBH on December 5, 2014. Dr. Patel subsequently filed a claim for payment for these services in the amount of $250 dated April 16, 2015 that was received by the VAMC on April 20, 2015. 

To receive payment or reimbursement for emergency services under 38 U.S.C.A. § 1725, a claimant must file a claim within 90 days after the latest of the following: 

 (1) The date that the veteran was discharged from the facility that furnished the emergency treatment;

 (2) The date of death, but only if the death occurred during transportation to a facility for emergency treatment or if the death occurred during the stay in the facility that included the provision of the emergency treatment; or

 (3) The date the veteran finally exhausted, without success, action to obtain payment or reimbursement for the treatment from a third party. 38 C.F.R. § 17.1004. 

In this case, it is evident that Dr. Patel did not file the claim within 90 days after the Veteran was discharged from MPNBH. Moreover, there is no indication, or assertion from the Veteran, that he unsuccessfully sought payment or reimbursement for the treatment from a third party. 

The Board empathizes with the Veteran's position as it is evident that he thought that MPNBH was taking care of filing all necessary claims in a timely fashion. Unfortunately, without him having separately filed a timely claim on his own behalf, the Board does not have a basis in the controlling regulations for awarding him payment or reimbursement when a timely claim has not been filed. Consequently, the Board has no basis under the law for granting this claim. 38 C.F.R. § 17.1004. See also Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

The Board notes that the VAMC separately denied a claim from Pinellas EKG Interpreters for $20 treatment provided at MPNBH on December 2, 2014 because it was also untimely (I.e. filed on April 4, 2015). However, there is no indication that the Veteran appealed this decision. Consequently, the Board does not have jurisdiction to decide it. 

ORDER

Payment or reimbursement of medical expenses incurred at Morton Plant North Bay Hospital (MPNBH) in Port Richey, Florida from December 3, 2014 to December 5, 2014, other than expenses for treatment Mukesh Patel, M.D. in the amount of $250 and expenses for treatment from Pinellas EKG Interpreters for $20, is granted subject to the regulations governing the payment of monetary awards.
 
Payment or reimbursement for medical expenses in the amount of $250 provided by Mukesh Patel, M.D. at Morton Plant North Bay Hospital (MPNBH) in Port Richey, Florida on December 5, 2014 is denied. 
REMAND

One of the matters the Board must address is which issue or issues are properly before it at this time. In a March 2015 decision, the VAMC denied the Veteran's claim for payment or reimbursement for unauthorized private emergency transportation services provided by Pasco Fire and Rescue on December 2, 2014. While the Veteran submitted a statement later in March 2015 expressing disagreement with that decision, it appears that no subsequent statement of the case was ever issued with regard to this issue. Under Manlincon v. West, 12 Vet. App. 238, 240 (1999), the Board must instruct the RO that this issue remains pending in appellate status (see 38 C.F.R. § 3.160(c)) and requires further action. See 38 U.S.C.A. § 7105; 38 C.F.R. § 19.26. In this regard, it is noteworthy that this claim is not before the Board at this time and will only be before the Board if the veteran files a timely substantive appeal. The Board's actions regarding this issue are taken to fulfill the requirements of the Court in Manlincon. 

Consequently, the case is REMANDED for the following:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

The VAMC should issue a statement of the case to the Veteran addressing the matter of payment of payment or reimbursement for unauthorized private emergency transportation services provided by Pasco Fire and Rescue on December 2, 2014 and including citation to all relevant law and regulation pertinent to this claim. In so doing, the VAMC should specifically consider the recent Court of Appeals for Veterans' Claims (Court) holding in Staab v. McDonald, 28 Vet. App. 50 (2016). The Veteran must be advised of the time limit for filing a substantive appeal. 38 C.F.R. § 20.302(b). Then, only if the appeal is timely perfected, this issue is to be returned to the Board for further appellate consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
KELLI A. KORDICH
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs