Craig F. CROSS, Appellant,

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–752.

United States Court of Veterans Appeals.

Feb. 21, 1996.

As Amended March 11, 1996.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Judges.

### ORDER

PER CURIAM.

On August 3, 1995, the appellant filed a Notice of Appeal (NOA) from a January 10, 1995, Board of Veterans' Appeals (Board or BVA) decision. Because the NOA was received more than 120 days after the date stamped on the BVA decision, the Court, on September 13, 1995, ordered the appellant to show cause, within 20 days, why this appeal should not be dismissed for lack of jurisdiction. On September 21, 1995, the appellant filed a response asserting that he has never received an official notice of the Board's January 10, 1995, decision. Further, the appellant states that the decision was "sent to an attorney using my mailing address", that the attorney notified him of the decision, and that this was the first time he had been informed of the decision. The appellant has provided the Court a copy of the transmittal envelope which is addressed to "Bill Jacobs, Esq." at the appellant's address in Iowa and bears a postmark of May 30, 1995. The return address listed on the envelope is the Department of Veterans Affairs (VA) Regional Office (RO) in Des Moines, Iowa.

On September 28, 1995, the Court issued an order directing the Secretary to file a preliminary record evidencing that the January 10, 1995, Board decision was mailed to the appellant pursuant to the requirements of 38 U.S.C. § 7104(e). In October 1995, the Secretary filed a response attaching a declaration in lieu of a preliminary record because "a problem did occur with regard to the Board's initial mailing of its decision to [the appellant], and neither the Secretary nor the BVA can establish the actual date of remailing or receipt of the decision by the [a]ppellant." Response at 2. The declaration indicates that (1) on January 10, 1995, the Board mailed a copy of its decision to the appellant at a Texas address but that, on January 31, 1995, it was returned by the U.S. Postal Service (USPS) as undeliverable; (2) the decision was then sent to the Houston, Texas, VARO with instructions to ascertain the mailing address of the appellant and to forward the decision as appropriate; and (3) "it is not clear from the claims file whether any such action was ever taken by the ... RO". October 1995 Declaration (Decl.) of Robert L. Ashworth, BVA Assistant Director of Administrative Service, paragraphs (para.) 2–4. In addition, the affidavit provides:

It appears that at some point after the claims folder was sent to the Board in March 1993 and before the Board issued its January 10, 1995, decision, the veteran moved from Texas to Iowa, and jurisdiction over the file was transferred from the Houston VARO to the Des Moines, Iowa, VARO. The materials the veteran submitted to those VAROs after the file was sent to the Board and that reflected his new mailing address, P.O. Box 3397, Dubuque, Iowa 52004, do not appear to have been associated with the claims folder prior to the issuance of the January 10, 1995, Board decision.

Decl., para. 5.

■ This Court has held that there is a "presumption of regularity", as applied to the mailing of BVA decisions pursuant to 38 U.S.C. § 7104(e), that " 'the Secretary and the BVA properly discharged [their] official duties by mailing a copy of a BVA decision to the claimant and [to] the claimant's representative, if any, on the date the decision is issued', and that that presumption can be overcome only by 'clear evidence to the contrary' ". *Davis v. Brown*, 7 Vet.App. 298, 300 (1994) (quoting *Ashley v. Derwinski*, 2 Vet.App. 307, 308–09 (1992) (*Ashley II* )); *see Morris v. Sullivan*, 897 F.2d 553, 560 (D.C.Cir.1990) (quoting *United States v. Chemical Foundation*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926), to the effect that "[t]he presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties"); *cf. Chute v. Derwinski*, 1 Vet.App. 352, 353 (1991) (per curiam order) (presumption of regularity rebutted where veteran claimed not to have received BVA decision and provided evidence of having made inquiries to VA after decision was mailed, and VA provided no evidence of having mailed decision). Where the presumption has been rebutted, the mailing defect may be cured by proof that the BVA decision was actually received by the party to whom it was sent, and the 120–day period does not begin to run until the date on which that defect is cured by actual receipt. *See Ashley II*, 2 Vet.App. at 311; *see also Davis*, 7 Vet.App. at 303; *Fluker v. Brown*, 5 Vet. App. 296, 298 (1993).

■ Absent any evidence that the appellant took affirmative steps specifically to notify VA of an address change after filing a VA Form 1–9 (Substantive Appeal to the BVA) and absent evidence that mailings to the address appearing on that form had been returned as undeliverable, the BVA is entitled to rely on that address as being the veteran's last known address and to use it for purposes of mailing a copy of its decision. *See Thompson v. Brown*, 8 Vet.App. 169, 179 (1995), *sua sponte reconsid. ordered on other grounds*, 8 Vet.App. 430 (1995). However, where a mailing is returned as undeliverable and a claimant's claims file discloses other possible and plausible addresses, the BVA must attempt to locate the veteran at the alternative known addresses. *See Thompson, supra; Hyson v. Brown*, 5 Vet.App. 262, 265 (1993). In the instant appeal, when the decision was returned as undeliverable by

the USPS the RO was instructed by the Board to ascertain the address of the appellant, but, as conceded by the Secretary, it is not clear if any such action was ever undertaken by the RO.

In this case, unlike in *Thompson*, the appellant had taken affirmative steps specifically to notify VA of his address change after the file had been sent to the Board (thus after he had filed his VA Form 1–9) and before the Board issued its decision; however, the appellant's notification was sent to the Houston, Texas, and Des Moines, Iowa, ROs and not the Board. The issue before the Court is whether the appellant's notification to VA through the ROs of his new mailing address in Iowa was sufficient notice to require the Board to have mailed its decision to his Iowa address. The new address disclosed in the claims file should have been associated with the claims file at the Board prior to the Board's issuance of the January 1995 decision; the RO was obligated to inform the Board of the new address, or to follow through on the Board's instructions to ascertain the new address itself. *See Bell v. Derwinski*, 2 Vet.App. 611, 613 (1992) (per curiam order) (where documents proffered by appellant are within Secretary's control and could reasonably be expected to be part of record "before the Secretary and the Board," such documents are, in contemplation of law, before Secretary and Board and should be included in record (quoting 38 U.S.C. § 7252(b))); *see also Hulsey v. Principi*, 3 Vet.App. 486, 487 (1992) (per curiam order) (same). Accordingly, the Court holds that the appellant's notification as to his new Iowa mailing address was within the Secretary's control when the Board decision was made and was therefore before the Board at that time.

Accordingly, the Court finds that the evidence is sufficient to rebut the presumption of regularity, and holds that the Secretary has failed to prove compliance with the provisions of 38 U.S.C. § 7104(e) requiring the BVA to mail a copy of its decision to the claimant's last known address. *See Thompson* and *Hyson*, both *supra*. The Court thus holds that the appellant's 120–day judicial appeal period began to run when the defect

in providing a copy of the BVA decision to him was cured by his actual receipt sometime after May 30, 1995, the date on which the Des Moines RO mailed a copy of the BVA decision to him. As to the possibility of the defective mailing being cured by the appellant's actual receipt of a copy of the BVA decision, the Secretary has offered no evidence of the date of actual receipt by the appellant, although, based on the appellant's assertion that he had received notification of the Board decision and his submission of a copy of the transmittal envelope which bears a postmark of May 30, 1995, it seems likely that that occurred sometime between the May 30, 1995, date of mailing and the August 3, 1995, date of filing the NOA—a period of less than 120 days. The Court thus holds that the 120-day NOA filing period had not expired prior to the Court's receipt of the NOA and that the NOA was thus timely filed. *See Davis*, 7 Vet.App. at 303–04.

On consideration of the foregoing, it is

ORDERED that the Secretary, within 30 days after the date of this order, file with the Clerk and serve on the appellant the designation of the record on appeal.