# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-3479

DEANNA R. POLOVICK, APPELLANT,

v.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KASOLD, LANCE, and DAVIS, *Judges*.

## O R D E R

On December 7, 2005, the appellant filed a Notice of Appeal (NOA) from a November 4, 2005, decision of the Board of Veterans' Appeals (Board) that denied her claim for dependency and indemnity compensation, accrued benefits, and educational assistance benefits. On February 13, 2006, the Secretary filed a motion to dismiss the instant appeal for lack of jurisdiction, asserting that a December 6, 2005, decision of the Board, sua sponte, vacated the November 4 Board decision pursuant to its authority under 38 C.F.R. § 20.904 (2005). The Secretary provided the Court copies of the December 6 Board decision and the now-vacated November 4 Board decision.

On February 17, 2006, the appellant filed through counsel a response in opposition to the Secretary's motion to dismiss. The appellant states that at the time she filed her NOA she did not know that the Board had issued a decision on December 6, 2005. In support of her opposition to the Secretary's motion to dismiss, the appellant argues the following:

> Presently pending before this Court en banc is *Harms v. Nicholson*, Vet. App. No. 03-2083. If the Court were to decide in *Harms* that the Secretary's regulation 38 C.F.R. § 20.904 is inconsistent with a specific statute in Title 38, that would mean that the Secretary's vacatur of the November 4, 2005 decision was not valid. If the Court were to dismiss this case before the Court issues the decision in *Harms* that would leave Mrs. Polovick in a jurisdictional quagmire.

Opposition at 2. We do not construe the appellant's argument as a challenge to the validity of § 20.904 and the Board's vacatur of the November 2005 decision. To the contrary, nothing in the appellant's opposition suggests that she is in any way averse to another opportunity for a favorable Board decision. The appellant has not mounted an explicit challenge to the Secretary's authority to vacate the November 2005 decision and the Secretary does not suggest that his actions below were improper. The appellant hypothesizes that the Secretary would proceed to void its December 2005

vacatur in response to the Court's potential invalidation of § 20.904. She further hypothesizes that the Secretary would then argue that an NOA as to the November 2005 decision would be untimely as not within the 120-day appeal period of that decision, thus preventing her appeal.

This Court has adopted the jurisdictional restrictions of the case-or-controversy rubric under Article III of the Constitution of the United States. *See Aronson v. Brown,* 7 Vet.App. 153, 155 (1994); *Mokal v. Derwinski,* 1 Vet.App. 12, 13 (1990). "When there is no case or controversy, or when a once live case or controversy becomes moot, the court lacks jurisdiction." *Bond v. Derwinski,* 2 Vet.App. 376, 377 (1992) (per curiam order). A justiciable controversy is not a difference or dispute of a hypothetical or abstract character; it must be definite and concrete, touching the legal relations of parties having adverse legal interests. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937); *see also Anderson v. U.S.*, 344 F.3d 1343, 1349 (Fed. Cir. 2003) (quoting *Aetna Life Ins. Co.*).

The Court must grant the Secretary's motion to dismiss because we are not presented with an acceptable case or controversy over which we could assert jurisdiction. The appellant's concern that a dismissal could constitute an effective bar to direct review of the decision below is merely hypothetical, not an issue predicated on existing fact. The Court will not assert jurisdiction over an appeal where the appellant is concerned about what the Court might do in a future decision and what the Secretary might do in response to that decision. Moreover, it does not appear that the parties are in an adversarial relationship. Both sides are content with the Secretary's December 2005 vacatur as they have not provided the Court with anything to suggest that the December 2005 decision should be disturbed.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and this appeal is DISMISSED for lack of jurisdiction.

DATED:      June 8, 2006                                    PER CURIAM.


KASOLD, *Judge*, dissenting: I respectfully dissent from the Court's decision dismissing this case on the rationale that it does not present a case or controversy. The Secretary filed a motion to dismiss this case because the Board vacated its own decision a day prior to the filing of this appeal, and the appellant opposes the motion. Thus, the validity of the Board's vacatur is squarely presented, and the Court should address it. Accordingly, I respectfully dissent.