# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 14-0957

RICHARD W. STAAB, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided April 8, 2016)

*Louis J. George*, *Patrick A. Berkshire*, and *Barton F. Stichman*, all of Washington, D.C., were on the brief for the appellant.

*Leigh A. Bradley*, General Counsel, *Mary Ann Flynn*, Chief Counsel, *Richard Mayerick*, Deputy Chief Counsel, and *Lavinia A. Derr*, Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

Before LANCE, PIETSCH, and GREENBERG, *Judges*.

GREENBERG, *Judge*: This is a case of statutory interpretation. The appellant, Richard W. Staab, appeals through counsel a December 6, 2013, Board of Veterans' Appeals (Board) decision that denied entitlement to reimbursement of medical expenses incurred for emergency medical services provided at non-VA medical facilities from December 27, 2010, through December 31, 2011. Record (R.) at 3-9. The appellant argues that the Board erred in finding him ineligible for reimbursement under 38 U.S.C. § 1725 because (1) under the plain meaning of the statute, the partial coverage of his medical expenses by Medicare does not render him ineligible for reimbursement; (2) the legislative history of amendments to section 1725 supports this reading and application of the statute; (3) the Secretary's regulation concerning eligibility for reimbursement, 38 C.F.R. § 17.1002(f), is inconsistent with the statute and invalid; and (4) the Board provided an inadequate statement of reasons or bases for denying reimbursement for *all* of the appellant's treatments, failing to determine which of his treatments were not covered by Medicare at all. Appellant's Brief (Br.)

at 5-18. On February 3, 2016, the appellant filed a motion for oral argument.

This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. §§ 7252(a) and 7266. As the Board failed to properly apply the statute and relied on an invalid regulation in denying the appellant's claim, the Court will vacate the Board's December 2013 decision, reverse the Board's determination that the appellant's partial coverage by Medicare is a legal bar to reimbursement, and remand to the Board for readjudication the matter of the appellant's entitlement to reimbursement for the claimed medical treatment. Additionally, because oral argument would not "materially assist in the disposition of this appeal," the appellant's motion will be denied. *Janssen v. Principi*, 15 Vet.App. 370, 379 (2001) (per curiam); *see Mason v. Brown*, 8 Vet.App. 44, 59 (1995).

The appellant had active service in the U.S. Air Force from November 1952 to November 1956 as a ground radio operator (29350). R. at 471 (DD Form 214). In December 2010, the appellant suffered a heart attack and one or more strokes, and was hospitalized in a non-VA hospital. R. at 260, 451-55. At that hospital, he subsequently underwent open heart surgery. R. at 405. He was ultimately discharged from the hospital in June 2011. R. at 455. During the appellant's treatment, his care was not coordinated with VA, and concerning his medical treatment he sought no approval or authorization from VA. R. at 457.

VA denied the appellant's claims for reimbursement of the costs of his medical care from (1) CentraCare Laboratory Services between April 18, 2011, and June 24, 2011; (2) St. Cloud Hospital between December 28, 2010, and March 3, 2011; (3) St. Benedict's Center between January 7, 2011, and April 15, 2011. R. at 906-55. The cost of this care has been estimated by the appellant to be approximately $48,000. R. at 455.

In May 2012, the appellant argued to VA that he could not have obtained VA pre-approval for the treatment because the stroke he suffered had rendered him unable to think clearly and communicate. R. at 455. He also alleged that his family was not apprised of any need to coordinate his care or coverage with VA. R. at 457. In May 2013, the appellant's attorney stated at a hearing before the Board that VA did not try to have the appellant placed at a nearby VA facility during the time of his care; that the appellant's heart attack and stroke were emergent; and that if approval for reimbursement is granted, the appellant would be able to provide an exact amount of costs he incurred from his medical treatment. R. at 260-62.

2

In December 2013, the Board issued the decision now on appeal, denying entitlement to reimbursement for the appellant's non-VA medical care. R. at 3-9. The Board stated that the appellant was ineligible for reimbursement under 38 U.S.C. § 1725 because he is covered by Medicare, and that "[t]he claim must be denied as a matter of law, and the issue of whether the medical care was emergent or not is irrelevant." R. at 6. The Board acknowledged that the appellant was seeking only "reimbursement for the portion of medical expenses not covered by Medicare," but citing 38 C.F.R. § 17.1002(f), stated that "the fact that not all of the medical expenses from this treatment were covered completely by Medicare is not relevant under the foregoing regulation." R. at 8.

VA will reimburse a veteran for the reasonable value of emergency treatment furnished the veteran in a non-VA facility if the veteran is personally liable for the treatment and an active participant in the VA health care system. 38 U.S.C. § 1725(a), (b)(1). According to that statute, a veteran qualifies as "personally liable" if he or she

> (A) is financially liable to the provider of emergency treatment for that treatment;
> (B) has no entitlement to care or services under a health-plan contract (determined, in the case of a health-plan contract as defined in subsection (f)(2)(B) or (f)(2)(C), without regard to any requirement or limitation relating to eligibility for care or services from any department or agency of the United States);
> (C) has no other contractual or legal recourse against a third party that would, in whole, extinguish such liability to the provider; and
> (D) is not eligible for reimbursement for medical care or services under section 1728 of this title [for reimbursement of emergency medical treatment costs for service-connected disabilities].

38 U.S.C. § 1725(b)(3). Subsection (f)(2)(B) of section 1725 refers to insurance programs described in sections 1811 and 1831 of the Social Security Act ("Medicare"), and subsection (f)(2)(C) of section 1725 refers to state plans for medical assistance approved under title XIX of the Social Security Act ("Medicaid"). In December 2009, section 1725 was amended to its present form, to "allow the VA to reimburse veterans for treatment in a non-VA facility if they have a third-party insurer that would pay a portion of the emergency care." H.R. REP. 111-55, at 3.[1]

---

[1]On March 30, 2009, Representative Debbie Halvorson brought the bill amending 38 U.S.C. § 1725, H.R. 1377, to a vote in the House, where it passed. 155 CONG. REC. H4069 (Mar. 30, 2009). On December 18, 2009, the bill was discharged from a Senate committee and brought to a Senate vote, with unanimous consent, by Senator Robert Menendez. 155 CONG. REC. S13468 (Dec. 18, 2009). In remarks concerning the bill before the vote, Senator Daniel Akaka, Chairman of the Committee on Veterans' Affairs, stated that "H.R. 1377 would modify current law so that a

The Secretary has adopted a regulation that states, in part, that a condition for reimbursement for emergency treatment under 38 U.S.C. § 1725 will be made only if "[t]he veteran has no coverage under a health-plan contract for payment or reimbursement, in whole or in part, for the emergency treatment." 38 C.F.R. § 17.1002(f) (2015). In an April 20, 2012, notice of final rulemaking, the Secretary stated that "section 1725(b)(3)(B) requires that the veteran have 'no entitlement to care or services under a health-plan contract,' which means that any entitlement, even a partial one, bars eligibility under section 1725(b)," and the Secretary refused to remove the language "or in part" from 38 U.S.C. § 17.1002(f). 77 Fed. Reg. 23,615-16 (2012).

First, the Court will address the Secretary's contention that "neither the evidence of record nor [the] [a]pellant's brief demonstrate[s] that any case or controversy associated with this claim presently exists" because "the record and [a]pellant's brief are devoid of a specific amount charged" for the medical services in question. Secretary's Br. at 3. However, the appellant has asserted, and the record shows, that the cost of the medical care in question that has been documented in the record is estimated by the appellant to be approximately $48,000. R. at 399-412, 455; Appellant's Br. at 2. Thus, the Secretary's argument in this regard is incorrect and must fail. *See Polovick v. Nicholson*, 24 Vet.App. 257, 258 (2006) ("A justiciable controversy is not a difference or dispute of a hypothetical or abstract character; it must be definite and concrete, touching the legal relations of parties having adverse legal interests." (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937))).

Next, the Court agrees with the appellant's contention that the Board's application of 38 U.S.C. § 1725 frustrates the intent of Congress to reimburse veterans who "are not wholly covered by a health-plan contract or other third party recourse." Appellant's Br. at 6. The Board finds that "the fact that not all of the medical expenses from this treatment were covered completely by Medicare is not relevant," but this finding is incorrect. R. at 8.

The Court reviews *de novo* the legal question whether the intent of Congress is unambiguously expressed in 38 U.S.C. § 1725, or whether Congress left a gap for VA to fill. *See Chevron v. Nat'l Resources Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984); *Lane v. Principi*,

veteran who has outside insurance would be eligible for reimbursement in the event that the outside insurance does not cover the full amount of the emergency care. In essence, VA would become the payer of last resort in such cases." *Id.* The bill was ultimately approved as law on February 1, 2010.

339 F.3d 1331, 1339 (Fed. Cir. 2003) ("[I]nterpretation of a statute or regulation is a question of law . . . ."). If the meaning of 38 U.S.C. § 1725 is clear from its plain language, that meaning controls the question and that is the end of the matter. *See Chevron*, 467 U.S. at 842-43 ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress . . . . "); *Tropf v. Nicholson*, 20 Vet.App. 317, 320 (2006).

Subsection(b)(3)(B) of 38 U.S.C. § 1725, states that a veteran is personally liable for emergency treatment if the veteran has "no *entitlement* to care or services under a health-plan contract" (emphasis added). The term "entitlement" means "an *absolute right* to a (usu. monetary) benefit." BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis added); *see Nielson v. Shinseki*, 23 Vet.App. 56, 59 (2009) ("It is commonplace to consult dictionaries to ascertain a term's ordinary meaning."). Thus, subsection 1725(b)(3)(B) appears to contemplate a situation when coverage under a health-plan contract would *wholly* extinguish a veteran's financial liability. *See Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993) ("The starting point in interpreting a statute is its language."); *Myore v. Nicholson*, 489 F.3d 1207, 1211 (Fed. Cir. 2007) ("'Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and its structure.'" (quoting *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1328 (Fed. Cir. 2005))).

This reading of subsection 1725(b)(3)(B) is consistent with the rest of subsection 1725(b)(3). *See Gazelle v. McDonald*, __ Vet.App. __, __, 2016 WL 386543, at *2 (U.S. Vet. App. Feb. 2, 2016) (holding that statutes "must be considered as a whole and in the context of the surrounding statutory scheme"). Subsections 1725(b)(3)(A), (C),and (D) all contemplate situations that would wholly extinguish the veteran's responsibility for payment, whether because the veteran owes nothing to the provider of emergency treatment (§ 1725(b)(3)(A)), because a contractual or legal recourse against a third party would extinguish the veteran's liability in whole (§ 1725(b)(3)(C)), or because the veteran is eligible for reimbursement under section 1728 (§ 1725(b)(3)(D)). Thus, it follows that subsection (B), to be consistent with the remainder of the subsection, must contemplate a health-plan contract covering the treatment *in full*.

This reading is further bolstered in the context of the remainder of section 1725, particularly subsections 1725(c)(4) and (f)(3), which more broadly include health-plan contracts, including

Medicare, in the category of a "third party." *See* 38 U.S.C. § 1725(f)(3)(E). The statute establishes that VA reimbursement is warranted when coverage by a third party is less than total. *See* 38 U.S.C. § 1725(c)(4)(A), (B). Furthermore, 38 U.S.C. § 1725(c)(4)(D) provides that reimbursement by the Secretary will not be made "for any copayment or similar payment that the veteran owes the third party or for which the veteran is responsible under a health-plan contract." The Court agrees with the appellant's argument that "[t]his provision would be superfluous if reimbursement is barred whenever a veteran has partial coverage from a health-plan contract." Appellant's Br. at 10; *see Moskal v. United States*, 498 U.S. 103, 109 (1990) (noting "the established principle that a court should 'give effect if possible, to every clause and word of a statute'" (quoting *United States v. Menasche*, 348 U.S. 528, 538-39 (1955))). Therefore, it is clear from the plain language of the statute that Congress intended VA to reimburse a veteran for that portion of expenses not covered by a health-plan contract. *See Chevron*, 467 U.S. at 842-43; *Tropf*, 20 Vet.App. at 320.

The legislative history of the 2009 amendment to section 1725 also supports this reading, as Congress clearly intended that "VA [be] responsible for the cost of the emergency treatment which exceeds the amount payable or paid by the third-party insurer." H.R. REP. NO. 111-55 at 6; *see Conroy v. Aniskoff*, 509 U.S. 511, 517 (1993) ("The long and consistent history and the structure of this legislation therefore leads us to conclude that–*just as the language of [the statute] suggests*–Congress made a *deliberate* policy judgment . . . ." (emphasis added)).

In light of subsection 1725(b)(3)(B)'s clear meaning, the Court agrees with the appellant's contention that 38 C.F.R. § 17.1002(f) is invalid. Where a regulation is duly promulgated by the appropriate agency, "the assertion of its invalidity must be predicated either upon its being inconsistent with the statutes or upon its being in itself unreasonable or inappropriate." *United States v. Morehead*, 243 U.S. 607, 614 (1917) (Brandeis, J.). When it was originally enacted, § 17.1002(f) reiterated the statutory command of 38 U.S.C. § 1725. After Congress amended section 1725 in 2009, however, the Secretary's regulation became wholly inconsistent with the statute, and the Secretary declined to remedy this inconsistency. Congress intended that veterans be reimbursed for the portion of their emergency medical costs that is not covered by a third party insurer and for which they are otherwise personally liable, and because the regulation does not execute the language of the statute or the intent of Congress, it is invalid and will be set aside by the Court. *See* 38 U.S.C. § 7261(a)(3) (the Court shall "hold unlawful and set aside . . . conclusions, rules, and regulations

6

issued or adopted by the Secretary . . . found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

Remand is thus required for the Board to readjudicate the appellant's claim and properly apply 38 U.S.C. § 1725. *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) (remand is appropriate "where the Board has incorrectly applied the law . . . ."). Because the Court is remanding the appellant's claim for readjudication, it will not address the appellant's remaining argument concerning the Board's failure to determine which individual treatments were covered by Medicare. *See Dunn v. West*, 11 Vet.App. 462, 467 (1998) (remand of the appellant's claim under one theory moots the remaining theories advanced on appeal).

On remand, the appellant may present, and the Board must consider, any additional evidence and arguments, to include the remaining argument raised in this appeal if necessary. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). This matter is to be provided expeditious treatment. *See* 38 U.S.C. § 7112; *see also Hayburn's Case*, 2 U.S. (2 Dall.) at 410, n. ("[M]any unfortunate and meritorious [veterans], whom Congress have justly thought proper objects of immediate relief, may suffer great distress, even by a short delay, and may be utterly ruined, by a long one.").

For the foregoing reasons, the appellant's February 3, 2016, motion for oral argument is denied. The Board's December 6, 2013, decision is VACATED; the determination that the appellant's partial Medicare coverage is a bar to eligibility under 38 U.S.C. § 1725 is REVERSED; and the matter of reimbursement for the appellant's claimed emergency medical care costs is REMANDED for readjudication. Further, 38 C.F.R. § 17.1002(f) is held invalid and SET ASIDE.

7