# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 17-2630

MATTHEW W. CRUMLICH, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued January 15, 2019                                    Decided June 6, 2019)

*Timothy R. Franklin*, of Boulder, Colorado, for the appellant.

*Brandon T. Callahan*, with whom *James M. Byrne*, General Counsel; *Mary Ann Flynn*, Chief Counsel; *James B. Cowden*, Deputy Chief Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before DAVIS, *Chief Judge*, and PIETSCH and MEREDITH, *Judges*.

MEREDITH, *Judge*, filed the opinion of the Court.  PIETSCH, *Judge*, filed a concurring opinion.

MEREDITH, *Judge*: The appellant, Matthew W. Crumlich, through counsel appeals a July 31, 2017, Board of Veterans' Appeals (Board) decision that found that he had not filed a timely Substantive Appeal with respect to an August 2013 VA regional office (RO) decision that denied entitlement to benefits for post-traumatic stress disorder (PTSD) and residuals of a low back injury.[1]  Record (R.) at 1-10.  This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).

On August 14, 2018, the matter was referred to a panel of the Court to consider, among other questions, whether an allegedly defective notice regarding the time to file a Substantive

---

[1] In April 2017, while the appellant's appeal of the timeliness of his Substantive Appeal was pending before the Board, VA granted the appellant's claims and assigned a 50% disability rating for PTSD and a 10% disability rating for a lumbosacral strain, both effective April 25, 2016.  R. at 160.  In the July 2017 decision on appeal, the Board remanded the matter of entitlement to an effective date prior to April 25, 2016, for the award of benefits for PTSD and residuals of a low back injury.  R. at 7-8.  The remanded matters are not before the Court.  *See Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order) (a Board remand "does not represent a final decision over which this Court has jurisdiction"); *Hampton v. Gober*, 10 Vet.App. 481, 483 (1997) (claims remanded by the Board may not be reviewed by the Court).

Appeal violated the appellant's right to due process. On September 13, 2018, the parties submitted supplemental memoranda of law. The Court heard oral argument on January 15, 2019, and issued an order on January 17, 2019, directing the Secretary to show cause why that part of 38 C.F.R. § 20.302(b)(1) that creates a presumption as to the date of mailing of a Statement of the Case (SOC) should not be invalidated. The Secretary filed his response on February 19, 2019.

Because the operation of the presumption of mailing of an SOC in § 20.302(b)(1) conflicts with a statutory mandate in some cases, the Court deems that portion of the regulation invalid. Further, even assuming that the ordinary presumption of regularity applies, the appellant would have successfully rebutted that presumption, and the Secretary has conceded that he cannot carry his burden of establishing proper mailing of the SOC. Therefore, the Court will set aside the Board's determination that the appellant's Substantive Appeal was untimely, vacate the Board decision, and remand the matter for further proceedings consistent with this opinion.[2]

## I. BACKGROUND

The appellant served on active duty in the U.S. Army from July 2006 to July 2009, including service in Afghanistan. R. at 229. In November 2011, he filed claims for benefits for, among other conditions, PTSD and a low back injury. R. at 1354-57. In August 2013, the RO denied his claims. R. at 895-902.

The appellant, in April 2014, filed a Notice of Disagreement (NOD) with that decision. R. at 875-76. VA prepared an SOC dated June 2, 2015, and mailed it to the appellant. *See* R. at 720 37. The notice letter accompanying the SOC advised the appellant that, to complete his appeal, he had to file a Substantive Appeal within 60 days of the date of the letter, but the letter was undated. *See* R. at 718-19. On page 15 of the 18-page SOC, the RO included the text of 38 C.F.R. § 20.302, which, at that time, provided that "[t]he date of mailing of the [SOC] will be presumed to be the same as the date of the [SOC]." R. at 734 (quoting 38 C.F.R. § 20.302(b)(1) (2014)[3]). Sixty days from June 2, 2015, was August 1, 2015, a Saturday; accordingly, applying

---

[2] Ordinarily, if the Board determined on remand that the appellant's Substantive Appeal was timely, it would be required to consider the appellant's claims on the merits. Here, however, the appellant's claims were granted during the pendency of the appeal of the timeliness of the Substantive Appeal. As the Secretary conceded at oral argument, a reversal of the Board's timeliness determination may result in an effective date as early as November 2011, the date of the appellant's original claim. Oral Argument at 35:00-:15. As noted above, the Board in the decision on appeal remanded the matter of the proper effective date for the award of benefits.

[3] The Court will discuss the subsequent changes to this regulation in Part II.B below.

the regulatory presumption, the Substantive Appeal would have been due on or before Monday, August 3, 2015.

On August 11, 2015, the appellant, through current counsel, filed a Substantive Appeal referencing the August 2013 rating decision as the decision being appealed. R. at 694. In the Substantive Appeal, the appellant's counsel wrote:

> Letter accompanying the [SOC] is undated—see attached. [The appellant] called to inquire about his case on the exact date of this [VA] Form 9[, Appeal to the Board of Veterans' Appeals,] and asked how he was supposed to know when the Form 9 was due if the letter was undated. After submitting [the appellant's] signed [VA Form] 21-22a and fee agreement, our office filed the Form 9 immediately. Eve[n] though the SOC is dated, the letter was not[;] therefore[,] this Form 9 should be accepted as timely.

*Id.*

Later in August 2015, the RO sent the appellant a letter advising him that his Substantive Appeal was untimely because it had been submitted more than 60 days after the date listed on the SOC. R. at 680-84. The RO further informed the appellant that its August 2013 decision on his claims was final. R. at 680. The appellant filed an NOD with the RO's timeliness determination, arguing that the RO had erred in finding his Substantive Appeal untimely in light of the undated notice letter that accompanied the SOC. R. at 676-77. The appellant also submitted an inquiry to the Deputy Under Secretary about his appeal and, in response, VA "apologize[d] for th[e] oversight" that the "cover letter to the SOC was undated." R. at 653. The appellant subsequently perfected his appeal of the timeliness determination, noting that VA had not considered whether equitable tolling of the time to file the Substantive Appeal was warranted under the circumstances of this case. R. at 537.

The appellant testified at a May 2017 hearing before a Board member that, "as soon as" he received the undated notification letter and dated SOC, he contacted his current counsel to file his appeal. R. at 137; *see* R. at 128 (counsel noting that the appellant "may have opened [the letter] a day or two before" he contacted counsel). The appellant's counsel advised the Board member that he was aware of SOCs in other veteran-clients' cases in which the date on the notification letter post-dated the date on the SOC by 1, 6, 7, and 34 days, and offered to submit copies of those documents as evidence.[4] R. at 124-25. He reiterated the appellant's contention that his Substantive

---

[4] These documents do not appear in the record of proceedings.

Appeal should be deemed timely in light of VA's failure to date the notice letter that accompanied the SOC and the confusing instructions in the undated notice letter that his Substantive Appeal was due 60 days from the date of the letter. R. at 125.

In July 2017, the Board issued the decision on appeal. The Board noted that, although the SOC cover letter was undated, the SOC itself bore a date of June 2, 2015. R. at 5. The Board further noted that the SOC contained the text of § 20.302(b)(1), providing that the date of mailing of the SOC would be presumed to be the date on the SOC for purposes of determining whether a Substantive Appeal is timely. R. at 6. The Board concluded that, because VA received the appellant's Substantive Appeal 70 days after the June 2, 2015, date printed on the SOC itself, the RO had properly closed the appellant's appeal of the August 2013 rating decision. R. at 7. The Board did not consider whether equitable tolling or waiver of the time to file the Substantive Appeal was warranted under the circumstances. This appeal followed.

## II. ANALYSIS

### A. Parties' Arguments

In his briefs, the appellant argued that (1) VA's failure to date the cover letter that accompanied the SOC denied him due process; (2) the 60-day time limit to file the Substantive Appeal should not apply in his case because VA failed to comply with its own procedures, which rebuts the presumption of regularity; and (3) the Board erred in declining to waive the timeliness issue in this case. Appellant's Brief (Br.) at 4-12. In response, the Secretary contended that (1) the appellant received the due process to which he was entitled; (2) the applicable presumption in this case is not the judicially created presumption of regularity, but the regulatory presumption of § 20.302(b)(1), and therefore the date of mailing of the SOC in this case is presumed to be the date of the SOC itself; and (3) the Board was not required to waive the timeliness issue in this case in light of § 20.302(b)(1). Secretary's Br. at 5-14. The Secretary urged the Court to affirm the Board decision.

In the August 2018 request for supplemental memoranda, the Court asked the parties to address whether (1) the regulatory presumption in § 20.302(b)(1) is a rebuttable presumption; (2) the regulatory presumption controls over the "judicially-created" presumption of regularity; (3) an undated notice letter accompanying an SOC is insufficient to provide notice to the claimant about how to file a Substantive Appeal; and (4) the inclusion of the text of § 20.302(b)(1) in the

body of the SOC cures any deficiency created by VA's failure to date the notice letter accompanying the SOC. With respect to question one, the parties agreed that the regulatory presumption is rebuttable with clear evidence to the contrary. Appellant's Supplemental Memorandum (Supp. Memo.) at 3-7; Secretary's Supp. Memo. at 1-5. Turning to question two, the appellant contended that there is no basis to prefer the regulatory presumption over the judicially created presumption of regularity, Appellant's Supp. Memo. at 7-9, while the Secretary asserted that the regulatory presumption controls because it is specific to the situation at hand, Secretary's Supp. Memo. at 5-9. On question three, the parties also disagree: The appellant argued that the undated notice letter was insufficient to provide him proper notice of how to file his Substantive Appeal because it was misleading and confusing. Appellant's Supp. Memo. at 9-10. The Secretary countered that the undated notice letter was not insufficient because the appellant is charged with knowledge of the law, and the law is clear both that a Substantive Appeal is due within 60 days from the date the SOC is mailed and that the SOC is presumed mailed on the date listed on the SOC itself. Secretary's Supp. Memo. at 9-10. Finally, the appellant argued that the inclusion of the text of § 20.302(b)(1) in the body of the SOC cannot cure VA's defective notice because a notice error can only be cured by new, correct notice or by a showing that the claimant had actual knowledge. Appellant's Supp. Memo. at 10-11. For his part, the Secretary contended that the inclusion of the regulatory presumption in the SOC was sufficient to ensure that the appellant had the information necessary to meaningfully participate in the adjudication of his claims. Secretary's Supp. Memo. at 11-13.

At oral argument, the appellant's counsel asserted for the first time that § 20.302(b)(1) is inconsistent with its authorizing statute, 38 U.S.C. § 7105(d). Oral Argument at 5:06-:15. Specifically, he argued that the Court has held that section 7105(d)(3) is unambiguous in that it provides 60 days for the claimant to file a Substantive Appeal from the date the SOC is mailed, not the date of the SOC itself, as the regulation provides. *Id.* at 5:15-:49. He also contended that, because section 7105(d) pertains to the required content of the SOC and does not indicate that appellate information (such as the time to file the Substantive Appeal) should be included, the Secretary's inclusion in the SOC of information about the regulatory presumption regarding mailing violates 38 C.F.R. § 19.30(b), which provides that appellate information will be provided "with" the SOC, not "in" the SOC. *Id.* at 8:37-9:25. Therefore, he argued, the cover letter—provided "with" the SOC—is the controlling statement of when the appellant's Substantive Appeal

was due and, because it is undated, there was no way for him to discern the due date for his Substantive Appeal. *Id.* at 10:44-11:33.

The Secretary asserted at oral argument that the appellant was provided all the information necessary to file his Substantive Appeal in a timely manner, namely that the SOC was dated June 2, 2015, on all 18 pages and included the full text of § 20.302. *Id.* at 32:16-:20; 32:51-:56; 39:56-40:02. He argued that, because the cover letter and the SOC were included in the same mailing, a reasonable person would have understood that he had to file his Substantive Appeal within 60 days from the date on the SOC itself. *Id.* at 33:56-34:18. The Secretary also argued that the Board was required to give effect to the regulatory presumption of § 20.302(b)(1) and presume that the SOC was mailed on June 2, 2015. *Id.* at 36:22-:30.

Following oral argument, the Court issued an order directing the Secretary to show cause why the Court should not invalidate that part of § 20.302(b)(1) that creates the presumption that the date of mailing of the SOC is the date of the SOC itself as inconsistent with section 7105(d)(3), § 19.30(b), and the Secretary's own practice. In response, the Secretary argued that the Court should not invalidate any part of § 20.302(b)(1) because the appellant "has failed to demonstrate that [the] presumption operates to violate his right to due process of law." Response at 1. He reiterated his belief that "the facts are clear that [the a]ppellant was provided with all the information necessary to meaningfully participate in his appeal." *Id.* at 3. The Secretary also noted that the appellant did not argue in his opening brief that § 20.302(b)(1) conflicts with section 7105(d), § 19.30(b), or the VA Adjudication Procedures Manual. *Id.* at 6. Accordingly, he argued that the Court should refuse to entertain the appellant's arguments regarding the validity of § 20.302(b)(1). *Id.* at 6-7.

## B. Law

At the outset, we note that the statute and regulations at issue in this case have been amended effective February 19, 2019, as part of VA's transition to a new appeals process. *See* Veterans Appeals Improvement and Modernization Act of 2017 (VAIMA), Pub. L. 115-55, § 2(q)(1), 131 Stat. 1105 (Aug. 23, 2017); 84 Fed. Reg. 2449 (Feb. 7, 2019) (providing notice that the effective date of the new VA appeals system outlined in the VAIMA is February 19, 2019). Accordingly, the Court's decision today has limited application to only those cases unaffected by the VAIMA. All references to statutes and regulations in this opinion are to the versions in effect in August 2015 when the appellant submitted his Substantive Appeal.

6

As the Board explained, "[a] Substantive Appeal consists of a properly completed VA Form 9 . . . or correspondence containing the necessary information." 38 C.F.R. § 20.202 (2015); *see* R. at 5. By statute, a claimant "will be afforded a period of sixty days from the date the [SOC] is mailed to file the formal appeal." 38 U.S.C. § 7105(d)(3) (2015). VA promulgated 38 C.F.R. § 20.302, which provides that a Substantive Appeal must be filed either within 60 days of the date on which VA mails the SOC or within 1 year of the date of mailing of the "notification of the determination being appealed," whichever is later. 38 C.F.R. § 20.302(b)(1) (2015). Section 20.302(b)(1) further provides, in relevant part, that "[t]he date of mailing of the [SOC] will be presumed to be the same as the date of the [SOC]." *Id.* "The agency of original jurisdiction may close the case for failure to respond after receipt of the [SOC], but questions as to timeliness . . . shall be determined by the Board." 38 U.S.C. § 7105(d)(3). The 60-day time limit "is not a jurisdictional bar to the Board's adjudication of a matter" and is subject to either implicit or explicit waiver by VA. *Percy v. Shinseki*, 23 Vet.App. 37, 44-45 (2009). The Court has also held that the deadline for filing the Substantive Appeal may be equitably tolled. *Hunt v. Nicholson*, 20 Vet.App. 519, 524 (2006). Because we must avoid constitutional questions wherever possible, we address the appellant's statutory and regulatory arguments first. *See Bucklinger v. Brown*, 5 Vet.App. 435, 441 (1993) ("It is '[a] fundamental and long-standing principle of judicial restraint . . . that courts avoid reaching constitutional questions in advance of the necessity of deciding them.'" (quoting *Lyng v. Nw. Indian Cemetery Prot. Ass'n*, 485 U.S. 439, 445 (1988))).

## C. Discussion

### 1. Competing Presumptions

In addition to the regulatory presumption regarding the date of mailing of an SOC in § 20.302(b)(1) on which the Secretary relies, there is also a general presumption of regularity "'that public officers perform their duties correctly, fairly, in good faith, and in accordance with the law and governing regulations.'" *Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791, 795 (Fed. Cir. 1993) (quoting *Parsons v. United States*, 670 F.2d 164, 166 (Ct. Cl. 1982)); *see Davis v. Brown*, 7 Vet.App. 298, 300 (1994); *Saylock v. Derwinski*, 3 Vet.App. 394, 395 (1992); *Ashley v. Derwinski*, 2 Vet.App. 62, 64-65 (1992). The appellant contends that the Court should apply this general presumption. This Court has applied the presumption of regularity to processes and procedures throughout the VA administrative process, including to the RO's mailing of an SOC. *See Crain v. Principi*, 17 Vet.App. 182, 186 (2003); *see also Redding v. West*, 13 Vet.App. 512,

7

515 (2000) (applying the presumption of regularity as to whether the RO received the veteran's power of attorney); *Baldwin v. West*, 13 Vet.App. 1, 5-6 (1999) (applying the presumption of regularity as to whether the RO examined and considered service medical records); *Schoolman v. West*, 12 Vet.App. 307, 310 (1999) (applying the presumption of regularity as to whether the RO sent the claimant an application form for dependency and indemnity compensation); *Mindenhall v. Brown*, 7 Vet.App. 271, 274 (1994) (applying the presumption of regularity to the RO's mailing of its decision to a veteran); *Davis*, 7 Vet.App. at 300 (applying the presumption of regularity to the Board's mailing of a copy of its decision to a veteran).

The parties disagree as to which presumption applies in this case: The appellant argues that the presumption of regularity controls, while the Secretary asserts that § 20.302 is applicable. The Court is persuaded by the Secretary's assertion that, where competing legal authorities are potentially applicable, the more specific authority trumps the more general authority. *See* Secretary's Supp. Memo. at 5. Our conclusion generally rests on the closely related canon of statutory and regulatory interpretation "that a more specific statute will be given precedence over a more general one." *Busic v. United States*, 446 U.S. 398, 406 (1980); *see Kowalski v. Nicholson*, 19 Vet.App. 171, 176-77 (2005) (citing *Zimick v. West*, 11 Vet.App. 45, 51 (1998)).

Although this Court has held that the judicially created presumption of regularity *is* generally applicable to the mailing of an SOC, those cases are distinguishable from the present case because the specific point of contention regarding the mailing at issue was not the subject of any regulatory presumption. *See, e.g.*, *Matthews v. Principi*, 19 Vet.App. 23, 27 (2005) (concerning VA's failure to send the SOC to the appellant's representative); *Crain*, 17 Vet.App. at 186 (concerning VA's mailing of the SOC to an incorrect address); *YT v. Brown*, 9 Vet.App. 195, 199 (1996) (concerning the appellant's claimed non-receipt of the SOC). Here, because the presumption in § 20.302(b)(1) specifically addresses the date of mailing of the SOC, the precise issue in this case, the Court concludes that the regulatory presumption applies, if it is valid. Because the appellant asserted at oral argument that the regulation is invalid, however, we will first settle that question.

### 2. Validity of § 20.302(b)(1) Raised for the First Time at Oral Argument

As an initial matter, the Court acknowledges that the appellant raised the validity of the presumption in § 20.302(b)(1) for the first time at oral argument and that the Secretary has asked the Court to refuse to address it. *See* Secretary's Response at 6-7. The Court also recognizes that,

ordinarily, "improper or late presentation of an issue or argument . . . should not be considered." *Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999). The Court, however, does have discretion to hear arguments presented to it in the first instance, even if raised late. *Maggitt v. West*, 202 F.3d 1370, 377-78 (Fed. Cir. 2000) (holding that this Court has jurisdiction to hear arguments presented to it in the first instance, provided that it otherwise has jurisdiction over the claim).

Here, the Court concludes that the unique circumstances of this case weigh in favor of exercising our discretion to address the late-raised argument regarding the validity of that portion of § 20.302(b)(1) that creates a presumption of the date of mailing of an SOC. At oral argument, the Court was presented with a compelling allegation that the regulation VA asks us to apply conflicts with the appellant's statutory rights and the Secretary's concessions appeared to confirm that allegation. Accordingly, it would be contrary to the interests of justice for the Court to simply ignore that argument, presume the validity of the challenged regulation, and apply the regulatory presumption to the appellant's case. Importantly, the Court concludes that entertaining this argument is not prejudicial to the Secretary because the Court provided him the opportunity to set forth the Agency's position on this question in writing and imposed no page limit on his ability to do so, and he filed a 17-page response, along with 20 pages of attachments. The Court is satisfied that exercising its discretion in this case is warranted.

### 3. Validity of the Presumption of the Date of Mailing an SOC

Congress has conferred on the Secretary broad authority to "prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department *and are consistent with those laws*." 38 U.S.C. § 501(a) (emphasis added). "The framework for analysis is refined by consideration of the source of the authority to promulgate the regulation at issue." *United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 24 (1982). Where, as here, the Agency has promulgated a regulation "only under [the] general authority to 'prescribe all needful rules and regulations,'" *id.* (quoting 26 U.S.C. § 7805(a)), the Court "owe[s] the interpretation less deference than a regulation issued under a specific grant of authority to define a statutory term or prescribe a method of executing a statutory provision," *Rowan Cos. v. United States*, 452 U.S. 247, 253 (1981).

We must first determine whether the regulation "harmonizes with the statutory language." *Vogel Fertilizer*, 455 U.S. at 25. Section 7105(d)(3) is unambiguous: As a matter of right, a claimant "*will be afforded* a period of sixty days *from the date the [SOC] is mailed* to file the

formal appeal" (emphases added). This means that a claimant shall not receive fewer than 60 days to submit his or her Substantive Appeal. *See Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993) ("The starting point in interpreting a statute is its language."); *Haney v. Nicholson*, 20 Vet.App. 301, 305 (2006) (noting that "may" is discretionary, while "will" is mandatory); *Turco v. Brown*, 9 Vet.App. 222, 224 (1996) (noting that "will be" in a regulation makes the action that follows mandatory).

To comport with its statutory mandate, then, § 20.302(b)(1) must operate to provide all claimants with 60 days *from the date the SOC is mailed* to perfect an appeal. Because the plain language of the regulation does not purport to restrict the 60-day period, its terms do not appear to *directly* conflict with the statute. The United States Supreme Court, however, "has firmly rejected the suggestion that a regulation is to be sustained simply because it is not 'technically inconsistent' with the statutory language, when that regulation is fundamentally at odds with the manifest congressional design." *Vogel Fertilizer*, 455 U.S. at 26 (citing *United States v. Cartwright*, 411 U.S. 546, 557 (1973)).

Although the statute does not answer the question of *how* to determine when an SOC was mailed, leaving a gap that the Secretary attempted to fill by regulation, *see Chevron v. Nat'l Resources Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984), the Secretary made numerous concessions in his supplemental memorandum and at oral argument that demonstrate that his *application* of the presumption in § 20.302(b)(1) does not protect the statutory right of *all* claimants to 60 days to file a Substantive Appeal and, in fact, may create a substantial risk that claimants will not receive the statutorily allotted time to perfect their appeals. Accordingly, we find that that portion of the regulation is inconsistent with the requirements of section 7105(d)(3) and therefore invalid. *See, e.g.*, *Citizen's National Bank of Waco v. United States*, 417 F.2d 675, 679 (5th Cir. 1969) ("It is equally clear, however, that 'the regulations must, by their terms and in their application, be in harmony with the statute. A [r]egulation which is in conflict with or restrictive of the statute is, to the extent of the conflict or restriction, invalid.'" (quoting *Scofield v. Lewis*, 251 F.2d 128, 132 (5th Cir. 1958))); *Disabled Am. Veterans (DAV) v. Sec'y of Veterans Affairs*, 327 F.3d 1339, 1346 (Fed. Cir. 2003) (invalidating a proposed VA regulation that would circumvent the statutory right to "one review on appeal to the Secretary" in 38 U.S.C. § 7104(a)); *DAV v. Gober*, 234 F.3d 682, 704 (Fed. Cir. 2001) (invalidating a VA regulation that operated "contrary to the requirement" of the authorizing statute); *Staab v. McDonald*, 28 Vet.App. 50, 55

(2016) (invalidating a VA regulation that was inconsistent with the statute and contrary to the intent of Congress).

Specifically, the Secretary made the following concessions:

1. The presumption in § 20.302(b)(1) may be rebutted by "clear evidence that the cover letter [accompanying an SOC] was, in fact, not mailed to the claimant on the date indicated on the SOC."  Secretary's Supp. Memo. at 1.

2. "[W]hen the *notification letter* that accompanied the SOC bore a later date than the SOC itself . . . , there would be clear evidence that the SOC . . . was not, in fact, mailed on the date of the SOC."  *Id.* at 4 (emphasis added).

3. If a notice letter accompanying an SOC is dated *later* than the date of the SOC itself, the claimant must be given 60 days from the date *of the notice letter* to file his or her Substantive Appeal, despite the existence of the regulatory presumption that the date *on the SOC* is the date of mailing of the SOC.  Oral Argument at 48:21-:45.

4. Claimants are advised in the notice letter that they have 60 days *from the date of the letter* to file a Substantive Appeal.  *Id.* at 51:49-52:03; *see* R. at 718.

5. "Providing a date stamp on the letter is really a means . . . to ensure as best as we can that [a claimant] is provided the 60 days required by statute to provide his timely Substantive Appeal."  Oral Argument at 52:05-52:15.

6. Where the notice letter accompanying the SOC is *undated*, the presumption operates to provide a claimant 60 days from *the date listed on the SOC itself* to file the Substantive Appeal.  *Id.* at 42:54-43:13; 43:24-:37; 47:04-:21.

7. In this case, VA has "no evidence about when [the SOC] was received," nor does VA have "any specific information about when it was mailed." *Id.* at 36:50-37:07; *see also id.* at 40:12-:18, 45:12-19.

8. The notice letter in this case was undated and, in practice, notice letters are sometimes dated later than the date of the SOC itself.  *Id.* at 46:26-:44; *see* R. at 718-19.

Together, these concessions reflect that it is the date on the notice letter, not the date on the SOC itself, that is "clear evidence" of when the SOC was mailed, and that VA invokes the regulatory presumption only when that clear evidence is absent.  This, in turn, leads to the conclusion that the regulatory presumption is not applied to ensure that *all claimants* receive 60 days from the date the SOC "is mailed" to file a Substantive Appeal.  38 U.S.C. § 7105(d)(3).  Rather, it is applied to

shield VA in the event that it is unknown to the Agency whether the claimant received the statutorily mandated time to perfect his or her appeal. In other words, it may absolve VA of responsibility for issuing an undated SOC cover letter.

Because VA's concessions reflect that the regulatory presumption only operates in circumstances where VA does not know whether the date of mailing of the SOC is later than the date on the SOC itself, the application of the presumption results in shortening the 60-day appeal period mandated by Congress when the date of mailing was, in fact, later. Therefore, the Court holds that that part of § 20.302(b)(1) that contains a presumption of the date of mailing of the SOC is invalid. *See, e.g., Citizen's National Bank of Waco*, 417 F.2d at 679; *DAV*, 327 F.3d at 1346; *DAV*, 234 F.3d at 704; *Staab*, 28 Vet.App. at 55.

In the absence of the specific regulatory presumption, the question thus becomes whether the more general, judicially created presumption of regularity governs this case. We will, for the sake of that principle, assume, without deciding, both that it does apply[5] and that the Secretary could rely on it to assert that VA mailed the SOC on June 2, 2015, as he argues, and now turn to the question of whether the appellant has rebutted the presumption.

### 4. Rebutting the Presumption of Regularity

The appellant may rebut the presumption of regularity—which essentially provides that what appears regular is regular, *see Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001)—by producing clear evidence that VA did not follow its regular mailing practices or that its practices were not regular. *See Woods v. Gober*, 14 Vet.App. 214, 220 (2000); *Ashley v. Derwinski*, 2 Vet.App. 307, 309 (1992). Whether clear evidence exists to rebut the presumption is a question of law that the Court considers de novo. *See Crain*, 17 Vet.App. at 188.

The Secretary asserted at oral argument that it is his regular practice to date notice letters accompanying SOCs with the date the SOC is mailed, which should be the same date as that listed on the SOC itself. Oral Argument at 49:23-:31. It is undisputed that the notice letter in this case was undated, R. at 718-19, and the Secretary conceded that, in practice, notice letters are

---

[5] For the presumption of regularity to apply, there must first be some evidence of a regular process. The question of whether the Agency has a regular process, however, is a factual question. *Kyhn v. Shinseki*, 716 F.3d 572, 577-78 (Fed. Cir. 2013). The Court stresses that we are not finding that VA does, in fact, have a regular process for dating and mailing SOCs. Rather, we find, based on the undisputed facts of this specific case, that, even assuming a regular process, there is sufficient evidence to rebut it.

sometimes dated later than the date of the SOC itself,[6] *id.* at 46:26-:44. This alone is sufficient to show that, even assuming the Secretary has a regular procedure for dating and mailing SOCs as he described, that procedure was not followed in this case. *See Woods*, 14 Vet.App. at 220; *Ashley*, 2 Vet.App. at 309. But there are additional reasons that the presumption of regularity would not stand in this case. For example, as the Board found and the appellant points out, the cover letter itself "confusingly" indicates that it is dated, but it is not. R. at 5-6; *see* Appellant's Br. at 9; R. at 718. Also, as noted above, the Secretary conceded that he does not have "any specific information about when [the SOC] was mailed." Oral Argument at 36:50-37:07; *see also id.* at 40:12-:18, 45:12-19. All of this points to irregularity in the appellant's case.

### 5. Secretary's Burden

Where the appellant has presented clear evidence to rebut the presumption of regularity, the burden shifts to the Secretary to establish proper mailing. *See Baxter v. Principi*, 17 Vet.App. 407, 410 (2004) (citing *Cross v. Brown*, 9 Vet.App. 18, 20 (1996) (per curiam order)). As noted above, the Secretary asserted at oral argument that it is VA's regular practice to date the cover letter with the date the SOC is sent. Oral Argument at 49:23-:31. As the Board found, this was not done in this case; the letter accompanying the SOC is undated. R. at 5. Additionally, the Secretary has conceded that he cannot demonstrate proper mailing of the SOC in this case. *Id.* at 40:12-:18.

### D. Remedy

Where the Secretary fails to carry his burden of showing compliance with mailing procedures, "the period for filing a Substantive Appeal does not begin to run until the defect is cured (i.e., when the claimant actually receives the SOC)." *Crain*, 17 Vet.App. at 187 (citing *Ashley*, 2 Vet.App. at 311). Because the Board based its determination that the appellant's

---

[6] With respect to the appellant's argument that notice letters in other cases were dated later than the date of the SOC itself, the Secretary argued that "all of the cited letters have dates and thus the cited letters would be covered by the portion of [§] 20.302(b)(1) that states that 'the date of mailing the letter of notification of the determination will be presumed to be the same as the date of that letter for purposes of determining whether an appeal has been timely filed.'" Secretary's Br. at 11 (quoting 38 C.F.R. § 20.302(b)(1)). The Court notes, without deciding, that it appears that the phrase "the letter of notification of the determination" in § 20.302(b)(1) refers to the letter that accompanies the original decision being appealed, as explained in the notice letter that accompanied the appellant's SOC in this case. *See* R. at 718 ("You must file your appeal with this office within 60 days from the date of this letter or within the remainder, if any, of the one-year period from the date of the letter notifying you of the action that you have appealed."). The Board also appears to have interpreted the regulation in this way. *See* R. at 6 ("The [appellant's] August 2015 Appeal to the Board . . . was received by VA on August 11, 2015, a date 70 days after the issuance of the June 2, 2015, [SOC] and over two years after the August 8, 2013, written notice to him of the adverse decision.").

August 11, 2015, Substantive Appeal was untimely on the application of the invalid regulatory presumption in § 20.302(b)(1), the Court will set aside that finding and vacate the July 2017 Board decision on appeal. *See* 38 U.S.C. § 7261(a)(3). Two factual questions remain: On remand, the Board must determine when the appellant received the SOC dated June 2, 2015, and whether he filed his Substantive Appeal within 60 days of that date. *See Crain*, 17 Vet.App. at 194; *see also* 38 U.S.C. § 7261(c) ("In no event shall findings of fact made by the Secretary or the Board of Veterans' Appeals be subject to trial de novo by the Court."); *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) ("[A]ppellate tribunals are not appropriate fora for initial fact finding.").

On remand, the appellant is free to submit additional evidence and argument on the remanded matter, including the specific arguments raised here on appeal, and the Board is required to consider any such relevant evidence and argument. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002) (stating that, on remand, the Board must consider additional evidence and argument in assessing entitlement to the benefit sought); *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). The Board must proceed expeditiously, in accordance with 38 U.S.C. § 7112.

### E. Other Arguments

The Court need not address the appellant's argument that the Board failed to consider whether the time limit to file the Substantive Appeal could be waived or equitably tolled, *see* Appellant's Br. at 11-12; Reply Br. at 5-6, in light of the conclusions that the regulatory presumption in § 20.302(b)(1) is invalid and that the general presumption of regularity, if it applies, has been rebutted. *See Quirin v. Shinseki*, 22 Vet.App. 390, 395 (2009) (noting that "the Court will not ordinarily consider additional allegations of error that have been rendered moot by the Court's opinion or that would require the Court to issue an advisory opinion"); *Best v. Principi*, 15 Vet.App. 18, 20 (2001) (per curiam order). Nor must the Court consider whether the inclusion of the text of § 20.302 in the body of an SOC violates § 19.30. *See Quirin*, 22 Vet.App. at 395; *Best*, 15 Vet.App. at 20. Additionally, because this matter has been resolved on statutory and regulatory grounds, the Court need not address the appellant's due process arguments. *See Bucklinger*, 5 Vet.App. at 441.

### III. CONCLUSION

After consideration of the parties' pleadings, a review of the record, and oral argument, the Board's July 31, 2017, finding that the appellant's Substantive Appeal was untimely is SET ASIDE, the decision is VACATED, and the matter is REMANDED for further proceedings consistent with this decision.


PIETSCH, *Judge*, concurring: I join the majority opinion in full. I write separately to record my frustration at the Secretary's refusal to waive the 60-day filing period in this case and allow the appellant's appeal to proceed. His decision to take a hard line even though he mailed the appellant an incorrect, improperly prepared, and plainly misleading notice letter caused a lot of resources to be wasted—not the least the appellant's time—all to receive a decision that costs VA the use of a regulation. If the paternalistic nature of VA is to be more than mere platitude, cases like this should be handled in a more empathetic manner.